JULIUS POESSENECKER, PLAINTIFF IN ERROR, v. C. E. WEATHERBY ET AL., DEFENDANTS IN ERROR.

**Practice in Supreme Court.**  Except in very extraordinary cases this court will only look into questions of fact sufficiently to ascertain that the jury, or court setting without a jury, had sufficient facts before it upon which to find its verdict or decision. And only in such cases will it consider the weight of testimony.

ERROR to the district court for Pierce county.  Tried below before TIFFANY, J.

*Brome & Durland,* for plaintiff in error

*N. A. Rainbolt,* for defendants in error.

COBB, CH. J.

This action was originally brought in the district court of Pierce county by the plaintiff in error against the defendants in error for the foreclosure of a mechanic's lien.

The plaintiff claimed $197.89.  The defendants filed a counter-claim, claiming and demanding judgment against the plaintiff for $67.73.  The cause was tried to the court without the intervention of a jury, who found in favor of the defendants, and rendered judgment thereon in their favor in the sum of $2.35.  A motion for new trial having been overruled, the plaintiff brings the cause to this court on error.

It seems that, while the plaintiff took the contract to build the house of the defendants for a sum certain, he furnishing all the materials, yet in point of fact the lumber was furnished by the defendants to him, and charged to him at $492.40, whereas the plaintiff only credited them with the sum of $300 for the said lumber, and contends and testifies that it was a part of the contract for the erec-

tion of the building that the lumber for the same was to be furnished to him by the defendants at the agreed price of $300. One of the defendants testifies to the reverse of this, and there is some other testimony on the subject.

In the case of *Armstrong v. Toler*, 11 Wheaton, 258, Chief Justice Marshall complained of a certain practice then growing up, "which had a tendency to convert that court from a tribunal for the decision of points of law into one for the investigation of facts, and for weighing testimony. He deprecated such practice, and declared that such a course would obviously transfer to the supreme court the proper duties of a circuit court, and that it could not be countenanced."

We call to our assistance this high authority to aid us in impressing it upon the bar that it is not the province of the supreme court to retry questions of fact, and that except, possibly, under very extraordinary circumstances, this court will only look into the questions of fact involved in a case sufficiently to ascertain that the jury, or the court sitting without a jury, had sufficient facts before it upon which to find its verdict or predicate its decision, and will not undertake to weigh testimony.

There is no question of law whatever presented in this case, and it is obvious to me that a decision by a trial court, one way or the other, upon the facts contained in the bill of exceptions, must necessarily be sustained by this court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.