RICHARD C. PATTERSON, APPELLANT, V. JOHN STEELE,
APPELLEE.

FILED FEBRUARY 25, 1913.   No. 16,839.

1. Pleading: AMENDMENT.   Where a demurrer to a petition in an
   action founded upon a *quantum meruit* was sustained and the
   action dismissed, and an amended petition basing a right of re
   covery upon the same facts, but setting up an express contract,
   was also held vulnerable to a demurrer, it was not error for the
   trial court to refuse to permit the latter petition to be amended
   so as to set up a cause of action upon *quantum meruit*.

2. ———: ———: REVIEW.   Permission or the refusal to permit plain-
   tiff to amend an amended petition, after the commencement of
   the trial, is a matter committed to the sound discretion of the
   district court, and his order in that behalf will be sustained,
   unless it appears that there has been an abuse of such discretion.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE.   *Affirmed.*

*E. C. Wolcott* and *Hugh A. Myers,* for appellant.

*Weaver & Giller, contra.*

17

BARNES, J.

Action to recover a sum of money alleged to be due from defendant to plaintiff as a part of an agent's commission on a life insurance policy. From an order refusing plaintiff's application to amend his amended petition and dismissing the action plaintiff has appealed.

The record discloses that the plaintiff filed his original petition in the district court for Douglas county on the 17th day of August, 1904, alleging, in substance, that on or about June, 1899, he was a life insurance agent, writing life insurance for the Hartford Life and other companies; that on said date plaintiff had a customer for a $10,000 life insurance policy, but could not satisfy him in any of the companies which he represented; that plaintiff knew defendant at that time; that defendant was on friendly terms with him, and he knew that defendant represented the Northwestern Mutual Life Insurance Company; that plaintiff went to defendant and talked to him about the matter; that thereupon, by mutual consent, plaintiff introduced defendant to said customer that he might have an opportunity to solicit an application from said customer for a policy of insurance in said defendant's company.

Plaintiff further alleged that he made no further effort to write a policy of insurance on the life of his customer; that the customer saw defendant and talked with him several times thereafter in reference to writing a policy of insurance on his life, and that finally, on September 24, 1900, defendant did write a $10,000 policy on the life of plaintiff's customer in the Northwestern Mutual Life Insurance Company, and did thereafter collect from said customer the first annual premium on said policy, which was and is the sum of $830; that by reason of the services so rendered by plaintiff to defendant in procuring said customer and introducing defendant to him on account of which defendant was able to write said policy of insurance; and did so write the same, plaintiff's services

in that behalf were reasonably worth the sum of $332, "and plaintiff is entitled to receive from defendant said sum, which is just and reasonable; that plaintiff has demanded of defendant the said sum of $332, but defendant has neglected and refused to pay the same and still refuses to pay, and no part of said sum has been paid by defendant to plaintiff, and there is now due plaintiff from defendant for and on account of the services rendered by him to defendant as above set forth the sum of $332, and interest from September 24, 1900," for which sum, with interest, plaintiff prayed judgment.

To this petition defendant filed a general demurrer. On the 14th day of January, 1905, the demurrer was sustained. No leave was given plaintiff to amend, but it appears that on the 7th day of February, 1905, plaintiff filed an amended petition, by which he changed his action from *quantum meruit* to one based on an alleged contract between plaintiff and defendant, by which defendant agreed to pay plaintiff for the same services set forth in the original petition 40 per cent. of the first annual premium on such policy of life insurance as the defendant should be able to write on the life of plaintiff's customer, and 5 per cent. on each annual premium paid thereafter at the time when the same should be paid. By the amended petition plaintiff prayed judgment for $539.50, with interest and costs. Thereafter, and on the 6th day of May, 1905, defendant filed a motion to strike the amended petition from the files, for the reason that it stated a new and different cause of action from the one set forth in the original petition, and that the said cause of action was barred by the statute of limitations. On the 20th day of May, 1905, the district court overruled the motion, and thereafter the defendant filed an answer which contained a plea of former adjudication; and further alleged that some time in June, 1899, the plaintiff came to defendant and stated that he had a customer for a $10,000 single premium policy to be paid in one payment; that an oral agreement was entered into at that time between plaintiff

and defendant that when plaintiff's customer should take the said $10,000 single premium policy, the premium to be paid in one payment, defendant would allow plaintiff, as a broker's commission, 40 per cent. of such part of the premium as would equal a twenty-payment life policy, at the same age, and nothing on the excess; that plaintiff's alleged customer refused to take such policy, and stated emphatically that he desired no insurance whatever, and that he had not at any time contemplated taking an insurance policy; that thereupon defendant stated to plaintiff that the deal was off, and that the insurance could not be written, and there was no further conversation between plaintiff and defendant regarding the matter.

It was further alleged that in September, 1900, one Shukert, who plaintiff claimed was his customer, did take from defendant a ten-payment, twenty-year endowment policy for $10,000; that said policy was not written through any representation of the plaintiff, or by reason of any effort on his part. Further answering, defendant denied that said Shukert, at the time said policy was written, or at any other time, was a customer of the plaintiff, and it was alleged that the plaintiff could not have written the said Shukert for any kind of policy in June, 1899, or at any time since that date. The answer also denied all of the allegations of the petition not specifically admitted.

The plaintiff thereupon filed a reply, by which he denied that the agreement mentioned in the petition was for the writing of a single premium policy; denied that he was to get 40 per cent. of such part of such premium as would equal a twenty-payment life policy at the same age; denied that the parties ever talked to Shukert about such single premium policy; denied that defendant told plaintiff that the deal was off; and denied that plaintiff ever agreed to procure a customer for a single premium policy of any amount. The reply contained no other denials, and failed to controvert the allegations of the answer that defendant was unable to write a policy on

Shukert's life until more than a year had elapsed, and until Shukert had ceased to be plaintiff's customer.

Upon the issues thus joined, the cause came on for trial on the 24th day of March, 1910. The jury was impaneled and sworn, and plaintiff proceeded to offer evidence, at which time defendant objected to the reception of any evidence on the ground that the amended petition did not state facts sufficient to constitute a cause of action. Plaintiff asked leave to amend his amended petition, and after argument, and upon due consideration thereof, the court refused leave to amend, discharged the jury, and dismissed the action. A motion for a new trial was filed and overruled, and defendant prosecuted this appeal.

It thus appears that the questions presented for our determination are: First, was defendant's objection to plaintiff's evidence properly sustained? Second, did the court abuse its discretion in refusing plaintiff's request to amend his amended petition, and in dismissing the action?

As we view the record, it is apparent that the defendant was entitled to a judgment on the pleadings as they stood when the trial was commenced, and defendant's objection to the introduction of plaintiff's evidence was properly sustained.

Finally, it further appearing from the record that plaintiff failed to seasonably assert his alleged claim against the defendant, that he delayed the commencement of his action until almost four years had elapsed after the transaction set forth in his petition occurred, that he first sought to recover upon a *quantum meruit*, and long afterwards amended his petition and based his action upon an express contract, that, when met by an objection to the sufficiency of his amended petition, he again sought to amend by asserting his right to recover upon a *quantum meruit*, we are of opinion that the trial court was justified in concluding that the plaintiff's action was without merit, and that he was attempting to continue

its prosecution for the purpose of annoying the defendant and causing him trouble and expense. Therefore, it cannot be said that the court's refusal to allow plaintiff to amend his amended petition was an abuse of discretion.

It follows that the judgment of the district court was right, and is

AFFIRMED.

FAWCETT, J., not sitting.