L. ROSE BLAKESLEE, APPELLEE, V. EDWARD R. VAN DER
SLICE, APPELLANT.

FILED JUNE 26, 1913.   No. 16,976.

1. **Appeal: PLEADING: AMENDMENT: DISCRETION OF COURT.** It is
usually a matter within the discretion of the district court to
allow or refuse to allow a pleading to be amended to conform to
the evidence; and, in order to predicate error in allowing the
amendment, it must be shown that the trial court has abused its
discretion.

2. ———: **CONFLICTING EVIDENCE.** Plaintiff broke her arm, and sued
the defendants for a failure to properly reduce and treat the
fracture. It was claimed by the defendants that plaintiff violated
their instructions not to use the broken arm or hand. The evi-
dence on that question was conflicting. *Held,* That the verdict
of the jury should not be disturbed.

3. ———: **VERDICT: REVIEW.** When the issues in such an action are
all submitted to a jury under proper instructions, the verdict
will not be set aside, unless it is shown to be clearly wrong.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Meier & Meier* and *George A. Adams,* for appellant.

*Wilmer B. Comstock, H. A. Reese* and *A. G. Wolfen-
barger,* contra.

BARNES, J.

Action to recover damages alleged to have been sustained
by the plaintiff for the failure of the defendants to prop-
erly reduce a fracture of her arm. A trial in the district
court for Lancaster county resulted in a verdict and judg-
ment for the plaintiff for the sum of $400, and the defend-
ant Van der Slice has appealed.

It appears that on the morning of the 10th day of
February, 1909, the plaintiff suffered a fracture of the
radius of her left arm, commonly called the Colles' frac-
ture, as the result of a fall. Within about 30 minutes after

the accident happened, Doctor Richard E. Howard and Doctor Edward R. Van der Slice appeared at the plaintiff's home, and, working together, attempted to reduce the fracture and repair the plaintiff's injury. During the next five days immediately following the injury, Mrs. Blakeslee did not leave her bed, and during the time from February 9 until February 21 one of the defendants called upon her almost daily, and on each occasion he was informed that the arm felt full and twisted and out of place. On the 21st day of February, 1909, while both Doctors Howard and Van der Slice were present, they first removed the dressing from the arm, and their attention was again called to the extremely swollen and painful condition of the injury. At that time they rebandaged the arm, replacing the same splint upon the forearm and hand, and left it in the same condition in which they found it. From February 21 until March 5, 1909, the defendant Howard continued to call on Mrs. Blakeslee, and during that time on several occasions removed the bandage and examined her arm. On Saturday, the 6th day of March, the plaintiff called on Doctor Williams of University Place, and submitted the injured arm to his examination. Doctor Williams found that it was very much swollen, and, according to his diagnosis, the bone was broken and was then out of place. On Sunday morning, March 7, 1909, Doctors Wiliams and McKinnon called at the home of Mrs. Blakeslee, made an examination of her injured arm, administered an anæsthetic, and pulled and manipulated the arm in order to get the broken bones in apposition. They claimed to have set the arm, or reduced the fracture. They testified that on that date the broken bone had not yet united. Doctor Howard testified that on the 21st day of February, 1909, the broken bone of the injured arm was in the same position as left by himself and Doctor Van der Slice at the time they attempted to reduce the fracture. It should be observed that Doctor Howard testified that they did properly reduce the fracture at the time the injury occurred. After Doctors Williams and McKinnon

had treated the fracture, the swelling and pain subsided, and the twisted feeling left the plaintiff's arm.

Complaint is made of the admission of evidence of pain. It is difficult to see how the injury or the injured condition of the arm could be described without using the words "pain" and "swelling," and, as we view this assignment of error, it is quite immaterial.

Complaint is made because plaintiff was allowed to amend her petition at the close of the evidence. On pages 454 and 455 of the record it is shown that the plaintiff asked leave to amend the petition by changing the word "ulna" to the word "radius" in furtherance of justice and to conform to the facts proved. The record shows that leave to amend was granted over the defendants' objections. To our minds it seems clear that the amendment asked for could not and did not in any way mislead the defendants. The case had been tried upon its merits, and whatever discrepancy appeared in the petition was properly cured by the amendment, and the defendants were not thereby misled to their prejudice.

In *Chicago, R. I. & P. R. Co. v. Shaw,* 63 Neb. 380, it was said: "It is usually a matter within the discretion of the trial court to allow or refuse to allow a pleading to be amended to conform to the evidence given on the trial." See, also, *Brown v. Rogers & Bro.,* 20 Neb. 547. There is nothing contained in the record which shows, or tends to show, that the district court abused its discretion in allowing the amendment in question.

Error is also assigned for permitting counsel to propound numerous questions to witnesses pertaining to a book or treatise entitled "The Treatment of Fractures," by Scudder. There is nothing contained in the record showing, or tending to show, that this work, or any part of it, was introduced in evidence, and whatever reference there was made to it, so far as we are able to see, was confined to the fact that there was such a work, and was without prejudice.

It is also contended that the failure of the district court

to direct the jury to return a verdict for the defendants was prejudicial error. It appears that the evidence in this case as to the manner and effect of the treatment given by the defendants to the plaintiff's injury was conflicting, and therefore it would have been prejudicial error for the court to direct a verdict for the defendants.

Defendants assign error in giving the fifth instruction. By that instruction the jury were told that if the plaintiff was guilty of negligence in the care of her injured arm, or in the use of the same, such negligence causing, or contributing to cause, the injury she claims, then in that case she could not recover. But, on the other hand, if the jury should find that she was not negligent in that respect, then the plaintiff would have the right of recovery. While this instruction, considered alone, might be erroneous, yet, when considered with the other instructions given, error could not be predicated thereon.

Considerable stress was given to the evidence tending to show that plaintiff had been using her arm and hand prior to the time it was treated by Doctors Williams and McKinnon. We think the evidence on that question is entitled to very little, if any, weight. The principal testimony tending to show that plaintiff had used her arm at all were statements alleged to have been made by the plaintiff's daughter. This was clearly hearsay evidence.

Again, the defendants both testified that, when they examined the plaintiff's arm on the 21st day of February, they found it in the same condition in which they had left it; that it had not been displaced or disturbed in any manner. We are therefore inclined to the view that the instruction complained of correctly stated the law. As we view the record, the case was submitted to the jury upon conflicting evidence and under proper instructions, and we feel unable to disturb the verdict.

The judgment of the district court is therefore.

AFFIRMED.

REESE, C. J., ROSE and HAMER, JJ., not sitting.