EVA E. COOK, APPELLEE, v. EARL M. MOATS, APPELLANT.

FILED OCTOBER 23, 1931. No. 27904.

*Maher & Carrigan* and *Sampson & Dillon,* for appellant.

*O'Hanlon & O'Hanlon, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and BLACKLEDGE, District Judge.

PAINE, J.

Eva E. Cook, plaintiff and appellee, brought an action in Washington county, Nebraska, against Earl M. Moats, defendant and appellant, for the recovery of damages for alleged malpractice. The defendant has been a regularly licensed and practicing osteopathic physician in the city of Blair, Nebraska, for about twelve years. The case proceeded to trial to the court, each party having waived a jury, and at the close thereof the court entered judgment in favor of the plaintiff and against the defendant in the sum of $3,000 and costs. Motion for new trial was overruled, and the appellant brings the case to this court.

The appellee had been a clerk in the post-office at Blair for more than 15 years, and had been a widow for 24 years, and her salary at the time of the injury was $2,100 a year. Having had a pain in her right leg and hip for some time, she began treating with the appellant in February, 1930, after telling him in a general way of her condition, and took an average of two or three treatments each week up to May 6, 1930, upon which date, in giving her a treatment and bending her knee firmly up toward the body, pressing his weight upon it and twisting the same, the femur was fractured.

Some time before this she had one of her breasts removed for cancer, and the X-ray photographs taken after the fracture show that she had a well-developed carcinoma of the femur or large bone of the leg which weakened it to at least 50 per cent. of its usual strength, according to

one witness, at the time it was broken by the manipulations of the defendant.

The appellant had been treating her for rheumatism or arthritis of the hip joint, and had told the patient she had adhesions in her back, which he had endeavored to break away. His treatments in bending her knee up toward the body had caused her great pain, and after some treatments she had been compelled to remain at home and was unable to work the next day or two. Complaint is made of this kind of treatment.

Dr. George B. Laughlin, who testified on behalf of the defendant, said he was president of the American School of Osteopathy at Kirksville, Missouri, and had been connected with the school for 30 years, and in connection with the school conducted the Laughlin Hospital, where he made a specialty of orthopedic surgery, and where he used X-ray from its first introduction. In his testimony he said the use of the Johnson therapeutic lamp was proper, and in outlining the proper treatment for such a case under osteopathy he said: "There is this principle in the treatment of any type of arthritis, due to the fact that there is inflammation in the joint we never use extreme violence, we do not use enough force to hurt the patient. The thing we usually depend upon to determine the amount of force we should use is the reaction from the treatment—immediate reaction. If there is pain, we cease. We do not carry manipulative treatment in any case of arthritis to the point that produces pain; but any treatment that we give to the joint which produces no pain, like this light treatment, or careful manipulative treatment—passive motion— we consider good treatment."

1. The appellant sets out a number of errors relied upon for reversal, and insists that the court erred in permitting the plaintiff to amend her petition after the trial commenced by adding an alleged new and different cause of action; that the court also erred in receiving testimony by witnesses who belong to a different school of medicine than the appellant, to the effect that he had made a wrong diagnosis of the appellee's condition, and that the finding

and judgment of the district court were not sustained by sufficient evidence, nor by the law.

This court has held in a number of cases that it is within the discretion of the trial court to permit the amendment of pleadings on the trial, and if the opposing party does not ask for a continuance and no prejudice is shown it is not error. *Patterson v. Steele*, 93 Neb. 209; *Blakeslee v. Van der Slice*, 94 Neb. 153; *Rawlins v. Myers*, 96 Neb. 819.

2. Objection is made by the defendant to the testimony of witnesses of another school of practice than osteopathy; but it has been held that a physician of one school may testify as to the correctness of the diagnosis of a case which one of another school treated, as a dislocation of the hip joint, where the diagnosis is the same in all schools of medicine, or where a condition exists which should be recognized by any physician. *Grainger v. Still*, 187 Mo. 197, 70 L. R. A. 49; 21 R. C. L. 383, sec. 28. And it is clear in this case that a physician of any school, upon learning that an entire breast had been removed for lumps, would suspect the same might be caused by cancer, and would know that cancer might develop in the bones of such a patient, and, if it did, that such bones would be weakened and could not bear the pressure of twisting and manipulation that it might be possible to employ in the case of another patient.

In suit for malpractice against allopathic physician, testimony of osteopathic physician was not inadmissible because witness belonged to different school, since a physician's treatment is to be tested by the general doctrine of his own school. *Swanson v. Hood*, 99 Wash. 506.

3. To make a skilful and careful diagnosis of the trouble from which the patient is suffering is one of the fundamental duties of a physician, and if he fails in that regard as well as in the application of improper treatment, and damages result therefrom, he must answer therefor. *Frankel v. Wolper*, 169 N. Y. Supp. 15; *Mullinax v. Hord*, 174 N. Car. 607; *Bonnet v. Foote*, 47 Colo. 282, 28 L. R. A. n. s. 136; 21 R. C. L. 387, sec. 33; *Stohlman v. Davis*, 117 Neb. 178.

"Malpractice may consist in a lack of skill or care in diagnosis as well as in treatment." *Kuechler v. Volgmann*, 180 Wis. 238, 31 A. L. R. 826.

This case was tried to the court without a jury, and the court believed the testimony of the plaintiff, supported by all the other evidence, facts and circumstances, entitled her to a judgment.

4. A finding of fact by the trial court, in a law action, sitting without a jury, has the same force and effect as the verdict of a jury. *Poessenecker v. Weatherby*, 16 Neb. 94.

This court has examined the record in the case and finds that the evidence amply supports the judgment rendered in the case, and the same is hereby

AFFIRMED.