No. 18,817.

MANUEL HOFFMAN, ET AL., AS GREAT WESTERN MOTOR CO.
v. HAMILL BROWN.
(354 P. [2d] 599)

Decided August 15, 1960.

Mr. BEN KLEIN, for plaintiffs in error.

Mr. GEORGE J. ROBINSON, Mr. RAY A. CURRAN, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

In the trial court Brown, defendant in error, was plaintiff and we will refer to him by name; plaintiffs in error were defendants and will be referred to as such or by name.

Brown, as lessor, entered into a written lease with defendants, as lessees, under which the latter went into possession of an automobile sales lot in Jefferson county. The leased premises included "a frame building thereon containing 3 desks and 2 chairs, 1 Butane heater and a two-car garage containing one heater, together with all signs and lights." The lease was dated January 15, 1954, and was for a term of three years beginning February 1, 1954. Brown alleged in his complaint that during their tenancy defendants destroyed, removed or damaged certain items of property in violation of the terms of said lease.

In their answer defendants admitted execution of the lease and occupancy of the premises under the terms thereof, but denied liability for any damages; and affirmatively alleged that all the leased property, real and personal, was surrendered to Brown at the expiration of the lease in the same condition it was received, except for "ordinary wear and tear."

The trial court entered judgment for Brown in the sum of $998.25 plus interest and costs. The issues were tried without a jury. Brown testified that at the beginning of the lease all the property allegedly damaged, removed or destroyed was on the premises.

■ A general contractor, called as a witness, gave his opinion concerning the amount of loss sustained by Brown. This evidence was objected to on the ground that the witness was not qualified to give expert testimony. The record shows that this witness had been in the general contracting business for twelve years. His testimony disclosed a wide range of experience in relation to the matters directly involved in the case, and the

trial court properly overruled the objection to the competency of his testimony.

"The sustaining or overruling of objections to testimony of witnesses as to the value of property which is in almost universal use, when such objections are based upon the qualification of the witnesses to answer the question, is a matter largely within the discretion of the trial Court." *Rimmer v. Wilson,* 42 Colo. 180, 93 Pac. 1110; *The Germania Life Insurance Company v. Ross Lewin,* 24 Colo. 43, 51 Pac. 488; *City and County of Denver v. Lyttle,* 106 Colo. 157, 103 P. (2d) 1.

The amount of the judgment awarded by the trial court was substantially less than was claimed by Brown, and was less than the sum total of all the items of damage to which the "expert" witness gave opinion evidence. Counsel for defendants urges that when the amount of the judgment is tested by the evidence offered to support it "the judgment was insufficient and not in accordance with the testimony * * *," and that it should be reversed for that reason.

Assuming arguendo that this is true, defendants are in no position to complain. The trial court carefully explained its reasoning with reference to each item of damage, and if any error was committed in awarding an "insufficient" sum, the only party injured would be Brown. He assigns no cross error in these proceedings.

We deem it sufficient to direct attention to the general rule stated in 15 Am. Jur., p. 664, sec. 231, in part as follows:

"As a general rule, a party against whom a verdict for money damages is rendered in an action in tort or for breach of a contract cannot complain that the amount awarded is inadequate. * * * "

To like effect is the opinion of this court in *Hollenbeck and Reeves v. Peterson,* 115 Colo. 301, 172 P. (2d) 678.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DOYLE concur.