No. 21410.

E. J. ARTIST AND DONN J. BARBER v. JANICE BUTTERWECK.

(426 P.2d 559)

Decided April 17, 1967.    Rehearing denied May 8, 1967.

YEGGE, HALL, TREECE and EVANS, for plaintiffs in error.

MARSHALL QUIAT, L. THOMAS WOODFORD, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

DEFENDENT in error here, Janice Butterweck, brought an action against Dr. E. J. Artist and Dr. Donn J. Barber, plaintiffs in error, for malpractice allegedly resulting in the death of Mrs. Butterweck's husband, the late John Butterweck. The parties will be referred to as they

appeared in the trial court, or by name. John Butterweck will be referred to as the deceased.

After a lengthy trial, a jury of six returned a verdict for plaintiff for $11,833. Judgment was entered on that verdict in the total amount of $12,632.91, and from this judgment the defendants brought writ of error here.

The record discloses that on February 22, 1963, Dr. Artist performed an operation upon the deceased at the Weld County General Hospital for the purpose of draining an abscess in the deceased's buttock in the region of the rectum. The deceased died on March 1, 1963. While the expert witnesses were in conflict as to the cause of death, they were in agreement that the deceased was suffering from liver trouble, peritonitis and pelvic abscess at the time of his death.

The theory of the plaintiff's case was that the defendants failed to diagnose the existence of peritonitis and pelvic abscess after the operation and so failed to treat these illnesses from which the deceased died. She contended that the defendants negligently failed to test deceased for the existence of peritonitis when deceased's symptoms were such as to indicate the strong probability of such condition.

Defendants maintained that the cause of death was *not* peritonitis and pelvic abscess, but was failure of the deceased's liver resulting in death due to hepatic coma.

The defendants present three alleged errors on this appeal:

1. "As a matter of law, there was no evidence of any negligent act or omission on the part of either defendant."

2. "As a matter of law, there was no evidence that any negligent act or omission on the part of either defendant was a proximate cause of the death of John Butterweck."

3. "The objections of defendants to questions regarding the standard of care in the taking of cultures were erroneously overruled, * * *"

I.

■ In their first assignment of error, the defendants claim that there was no evidence that the defendants performed any negligent act or negligently failed to perform any necessary act. We cannot agree.

■ The law in Colorado is well settled with respect to the obligations of a physician to his patient, and is best set out in *Bonnet v. Foote*, 47 Colo. 282, 107 Pac. 252. There we clearly pointed out the three-fold nature of the profession which a physician impliedly makes to his patient. We said that, in the absence of a special contract, the law implies that a surgeon employed to treat an injury contracts with his patient, (1) that he possesses that reasonable degree of learning and skill which is ordinarily possessed by others of the profession; (2) that he will use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge to accomplish the purpose for which he is employed; and (3) that he will use his best judgment in the application of his skill in deciding upon the nature of the injury and the best mode of treatment.

■ It is an alleged breach of the second obligation which is the foundation of the plaintiff's claim. There was evidence from which a jury could find in this case that by the use of certain diagnostic aids which one of plaintiff's witnesses testified are regularly used by skillful physicians, peritonitis could have been diagnosed. Although the defendants' witnesses testified that they did not observe any symptoms inconsistent with their diagnosis of hepatic coma, there was evidence, (from lay witnesses, to be sure, but nevertheless, competent evidence) that the deceased exhibited certain symptoms which (according to other competent testimony) would have indicated that a test for peritonitis should have been made. There is also evidence from which the jury could believe that the failure to diagnose arose from a failure to properly attend the patient during the time the peritonitis was developing. All these created ques-

tions of fact for the jury and having been resolved by them, we do not interfere with that determination. See, *Foose v. Haymond*, 135 Colo. 275, 310 P.2d 722.

## II.

■ In their second assignment of error, the defendants assert that even if there was negligence, this in no way caused or contributed to the death of the deceased. The evidence of this issue of proximate cause was also in conflict. Plaintiff's expert witness testified that early treatment for peritonitis *would* have saved the life of deceased. The defendants' witnesses stated that such treatment *would not* have saved deceased's life. Under this state of the record, the jury could properly find that the defendants' negligence caused a delay of proper treatment until it was too late to save the life of the deceased. The question of proximate cause was properly left to the jury. *Foose v. Haymond, supra.*

## III.

■ In their third assignment of error, the defendants claim that questions were asked of witnesses regarding what the standard of care was in the taking of cultures; that this was not material to any issue raised by the pleadings; and that defendants' objection to these questions should have been sustained. Defendants' argument, however, ignores the fact that the plaintiff's theory of the case was that the defendants were negligent in arriving at their *diagnosis* rather than in their treatment. If the jury chose to believe plaintiff's witnesses, it could have found that the failure to take cultures of the original abscess was one of the factors which contributed to the erroneous diagnosis and prevented the defendants from informing themselves of the true facts of the deceased's illness. The objections were properly overruled. *Foose v. Haymond, supra.*

The plaintiff also assigns cross-error to several rulings of the trial court. The first two of the alleged "cross-errors" are not urged upon this Court in the event we affirm the judgment, as we do here. The third "cross-

error" has already been disposed of by this Court in *Herbertson v. Russell*, 150 Colo. 110, 371 P.2d 422.

We have examined the voluminous record presented to us, and the verdict of the jury is supported by substantial competent evidence.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.