No. C-685

**Terry J. Baird v. Power Rental Equipment, Inc., a Colorado corporation and Jacmun, Inc., a Colorado corporation**

(552 P.2d 494)

Decided July 26, 1976.

320

Marvin Dansky, P.C., for petitioner.

·Yegge, Hall and Evans, John R. Trigg, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In this case we granted certiorari to review the opinion of the court of appeals which is found in 35 Colo. App. 299, 533 P.2d 941. We affirm.

This was an action for personal injuries. The plaintiff, Baird, was enrolled in a training program conducted by Colorado Laborers and Contractors Education and Training Fund, a school operated by unions and contractors to train young laborers in the construction industry. Baird was

injured when he was operating a forklift as a part of this training program. The machine overturned, crushing one of his legs which later was amputated.

The forklift was owned by the defendant Jacmun, Inc. and was leased to the school by the defendant Power Equipment, Inc. Baird sought to predicate liability of the defendants upon their failure to have a seat belt installed on the forklift. At the conclusion of the plaintiff's evidence, the trial court entered a directed verdict in favor of the defendants.

Here, two questions are presented: (1) Was it error for the trial court to refuse to permit the introduction of certain expert testimony; and (2) was it error to refuse to submit the question of liability to the jury?

The experts whose testimony was excluded were Dr. Horace Campbell and Dr. Robert Reed. Dr. Campbell was a surgeon with special expertise in the use of human restraints in automobiles, farm tractors and airplanes. He had not driven nor closely examined the forklift, and he stated that his specialty was not in industrial trucks, but rather in automobiles, farm tractors and airplanes.

Dr. Reed was a physicist, who examined the particular forklift two months following the accident. His testimony concerned defects or possible defects which he found at that time and which might or might not have been in existence at the time of the accident. Some of his testimony was predicated upon hearsay.

The trial court ruled that Dr. Campbell's qualifications were not sufficient to qualify him as an expert to give an opinion on the question of whether a failure to install seat belts constituted a defect or negligence. The testimony of Dr. Reed was excluded because of the time lapse transpiring between time of the accident and that of his inspection and because of hearsay.

■ The question is not before us as to whether, were we conducting the trial, we would admit the testimony of either of these witnesses. There is a discretion in the trial court in ruling upon the qualifications of an expert and, unless there is an abuse of that discretion, the court's ruling will not be disturbed. *Hoffman v. Brown*, 143 Colo. 587, 354 P.2d 599 (1960).

■ We find no error in the conclusion of the trial court that Dr. Reed's testimony was speculative and conjectural and was based upon hearsay. *Brayman v. National State Bank*, 180 Colo. 304, 505 P.2d 11 (1973); *Daugaard v. People*, 176 Colo. 38, 488 P.2d 1101 (1971).

■ The plaintiff would have had the case submitted to the jury on the questions as to whether there was negligence, breach of implied warranty or strict liability. In order for the plaintiff to recover, there must have been either negligence or a defect in the failure to install the seatbelt. *Bradford v. Bendix-Westinghouse Auto Air Brake Co.*, 33 Colo. App. 99, 517 P.2d 406 (1973), as to which we denied certiorari in 1974. *See*

*Hiigel v. General Motors Corporation*, 190 Colo. 57, 544 P.2d 983 (1975). Absent the testimony of Dr. Campbell, no factual basis was laid for a finding of negligence or defect. For us to reverse, therefore, we would be obliged to declare as a matter of law that, absent any statutory requirement, the failure to install a seatbelt on a forklift is negligence or constitutes a defect. This we decline to do.

The dissent mentioned the absence of a warning as a basis for the application of the doctrine of strict liability under *Restatement (Second) of Torts* § 402A. After the dissent was written, we announced *Hiigel v. General Motors Corporation, supra,* in which we for the first time expressly adopted § 402A. There we said:

"Where there is such a failure to comply with the duty to warn, the effect is that the product may be considered defective when the proximate cause of the injury is the breach of that duty."

Lest it be thought that *Hiigel* supports the court of appeals' dissent, we direct attention to the fact that there was — as there must be — a factual basis for the finding of absence of adequate warning. Here, there was no factual basis and, as a result, as a matter of law we should not find a defect by reason of lack of adequate warning.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.