STATE COMPENSATION INSURANCE FUND, Plaintiff-Appellee,

v.

CITY OF COLORADO SPRINGS and Lola Y. Carter, as Administratrix of the Estate of Bernard L. Carter, Deceased, Defendants-Appellants.

No. 78–049.

Colorado Court of Appeals, Div. III.

Aug. 9, 1979.

Rehearing Denied Sept. 6, 1979.

Certiorari Denied Nov. 13, 1979.

L. B. Ullstrom, Edward J. Rau, Denver, for plaintiff-appellee.

Blunk & Johnson, Forrest S. Blunk, Donald G. Peterson, James D. Johnson, Denver, for defendants-appellants.

RULAND, Judge.

Defendants, City of Colorado Springs and Lola Y. Carter as administratrix of the estate of Bernard L. Carter, deceased, appeal from the judgment entered upon a jury verdict awarding $35,179.60 to plaintiff, State Compensation Insurance Fund. We affirm.

The record reflects that on May 14, 1975, a helicopter owned by the City and piloted by Bernard L. Carter of the city police department, crashed. Both officer Carter and Carl R. Welsh, an employee of the Division of Wildlife, Department of Natural Resources, were killed.

Pursuant to § 8–52–108, C.R.S.1973, Cleta M. Welsh as the widow of Carl R. Welsh, elected to receive death benefits under the Workmen's Compensation Act. Thereafter, and by order of the Industrial Commission, she was awarded benefits in the amount of $474.72 per month. The State Fund then initiated this action against the City and the Carter estate alleging, *inter alia*, that officer Carter was negligent in his preflight check of the helicopter and in his operation of that vehicle, and that the City was vicariously liable for this negligence.

### I. *Sufficiency of Notice*

On June 9, 1975, State Fund, as workmen's compensation carrier for the Division of Wildlife, served a notice on the city clerk, city attorney, and the chief of police pursuant to § 24–10–109, C.R.S.1973, of the Governmental Immunity Act. The notice recited that the State Fund held subrogation rights to the extent of its expenditures if a compensable claim was established for the death of Carl R. Welsh. The notice set forth the name of the helicopter pilot as well as a brief description of the accident and the fact that Carl R. Welsh had been killed.

Prior to trial, the City moved for summary judgment, contending that the notice did not comply with either the requirements of a city ordinance governing notice of claim or § 24–10–109. Appellants now contend that the trial court erred in not granting their motion. We conclude that the trial court's ruling was correct.

We need only address appellants' contentions relative to § 24–10–109 because, to the extent that the city ordinance imposes more stringent requirements than those imposed by the state statute, the state statute controls. *Lipira v. Thornton*, Colo.App., 585 P.2d 932 (1978).

■ In support of their contention that the notice was not filed in conformity with § 24–10–109, appellants assert that the notice was not served by any person "claiming to have suffered an injury . . . within ninety days after the date of the discovery of the injury." Appellants reason that the State Fund had no claim as of June 5, 1975, because the widow of Carl Welsh had not yet elected whether to seek an award pursuant to the Workmen's Compensation Act. Appellants argue that the State Fund was not "injured" until an award was made by the Industrial Commission and that, therefore, the State Fund was required to give notice within ninety days after that date. This argument lacks merit.

The purpose of the notice requirement, among other things, is to give the municipal authority prompt notice of the need to investigate an accident. *Antonopoulos v. Telluride*, 187 Colo. 392, 532 P.2d 346 (1975). Thus, § 24–10–105, C.R.S.1973; specifies the intent of the General Assembly to cover all actions which "lie in or could lie in tort . . . ." Even if it is assumed that the date of the State Fund's claim was the date of the Industrial Commission award, § 24–10–109 does not preclude a party from giving notice prior to the date that the fact of injury is established. And, the early notice accomplished one of the principal purposes of the statute. Hence, notice from the State Fund based upon its potential subrogation rights was in compliance with the statute.

## II. *Voir Dire of the Jury*

■ The helicopter was insured for the City by Lloyd's of London. In turn, the policy contained an endorsement bearing the names of fifteen underwriters for the risk. In conjunction with voir dire of the jury, counsel for the State Fund inquired as to whether any of the panel members were stockholders, agents, or employees of four of the underwriting companies. Appellants objected to the question and moved for a mistrial. Appellants now contend that the trial court's denial of their motion was error, asserting that the actual insurer was

Lloyd's and that the question to the jury panel was asked in bad faith to prejudice the panel members. The trial court's ruling was correct.

The policy itself recites that the coverage granted by the certificate is underwritten by fifteen specified companies. In this jurisdiction it is well established that counsel may inquire into any prospective juror's relationship to an insurance company which covers the risk potentially incurred by a defendant. *Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185 (1965).

## III. *Admissibility of Evidence*

■ Appellants contend that the trial court erred in admitting in evidence an investigation report which included the conclusions reached by the investigators. The record reflects that the investigation was initiated by an officer of the City's police department at the request of the department chief. The members of the investigative team consisted of an employee of the Federal Aviation Administration, two pilots for the Division of Wildlife, two military helicopter pilots selected to train pilots for the police department, an aircraft maintenance inspector, and a representative of the City's safety and claims department.

Appellants objected to admission of the report on the basis that the investigative group was not an official body of the City, that its members were not experienced in aircraft accident investigations, and that the report constituted hearsay. However, the report was admitted on the basis that it constituted an admission by the police department as to the cause of the accident. We agree with the trial court's ruling.

Appellants concede that the oral or written admission of an agent is admissible in evidence if made within the scope of the agent's employment. However, appellants contend that this admission exception to the hearsay rule does not extend to admissions made by an agent to the principal only.

We view the ruling of this court in *Westland Distributing, Inc. v. Rio Grande Motorway, Inc.*, 38 Colo.App. 292, 555 P.2d 990 (1976), as dispositive of this issue. There,

the notation of an agent on a freight bill of the Rio Grande Motorway was held admissible under the admission exception. That notation was obviously not intended for persons other than employees of Rio Grande. We find no substantial distinction between that case and this.

In the alternative, appellants contend that the report should not have been admitted because it was not possible to cross-examine all members of the investigative team. As of the date of trial, one of the members was deceased, and the FAA investigator could not be cross-examined as to his opinion because of the federal regulations described in *Murphy v. Colorado Aviation, Inc.*, Colo.App., 588 P.2d 877 (1978).

The record reflects that the head of the investigative team together with three other members all testified. These witnesses were cross-examined by appellants. The witnesses agreed that none of the members of the investigative team dissented to any portion of the report. Under these circumstances, limitation of cross-examination to four members of the investigative team was not an abuse of discretion. *Cf. Good v. A. B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977).

We have considered appellants' other objections to admission of the investigation report and conclude that those objections lack merit.

Appellants contend that the trial court erred in allowing the two helicopter pilots to state their opinions as to the cause of the accident. In support of this argument, appellants assert that the pilots were not qualified to render an opinion and that the State Fund failed to establish an adequate foundation for their opinions. However, this court may not overturn the decision of the trial court to admit expert testimony absent a showing that the trial court abused its discretion. *See Baird v. Power Rental Equipment, Inc.*, 191 Colo. 319, 552 P.2d 494 (1976); *Kerby v. Flamingo Club, Inc.*, 35 Colo.App. 127, 532 P.2d 975 (1975). We find no abuse of discretion here.

## IV. *Damages*

Appellants contend that the trial court erred in not permitting them to assert an additional defense of failure to mitigate damages. In support of this contention, appellants note that approximately $13,000 had been paid to the widow until three days prior to trial. At that time, the State Fund paid the full balance due under the award made by the Industrial Commission without first obtaining an order of the Commission authorizing lump sum payment. Appellants argue that the State Fund thereby advanced more than may have been required because § 8–50–106, C.R.S.1973 (1978 Cum.Supp.), provides for termination of monthly benefits upon death or remarriage. We find no merit in this contention.

Pursuant to § 8–52–108(1), C.R.S.1973, the State Fund's right of subrogation extends to any amounts for which it "is liable or has assumed liability."

Judgment affirmed.

BERMAN and KELLY, JJ., concur.