Douglas FLECKMAN,
Plaintiff-Appellant,

v.

The CITY OF GREELEY, Colorado, a municipal corporation, The City Council of Greeley, Colorado, George W. Hall, Mayor, Warren Terry, Councilman, Tom Starr, Councilman, John Donley, Councilman, Joe Murphy, Councilman, Mike Lehan, Councilman, Irma Princic, Councilwoman, and Peter Morell, City Manager, Defendants-Appellees.

No. 83CA0094.

Colorado Court of Appeals,
Div. III.

Nov. 10, 1983.

Caswall & Pic, Edward M. Caswall, Greeley, for plaintiff-appellant.

Higgins & Lavinder, David L. Lavinder, Englewood, for defendants-appellees.

BABCOCK, Judge.

The sole issue presented by this appeal is whether the trial court erred, as a matter of law, in granting defendants' motion for summary judgment on the basis that Greeley Municipal Code § 16.28.070 is a valid exercise of legislative authority of the City of Greeley. We conclude that such ruling was erroneous and reverse and remand for trial on the merits.

The facts giving rise to plaintiff's cause of action in tort for damages against defendants are undisputed. In December 1980, a blockage which developed in the main municipal sewer line serving plaintiff's home caused waste water and raw sewage to back-up into plaintiff's basement. The City of Greeley, through its agents and employees, was solely responsible for maintaining and servicing the sewer line.

At the time of the flooding, the Greeley Municipal Code § 16.28.070 provided that property owners who had not installed backwater check valves were prohibited from asserting "claim[s] for damages resulting from the stoppage of the sewer." Section 16.28.020 recommended that property owners install such valves, but did not require installation.

Plaintiff argues that Section 16.28.070 conflicts with the Colorado Governmental Immunity Act, §§ 24–10–101, et seq., C.R.S. 1973 (1982 Repl.Vol. 10), which authorizes actions in tort against public entities that arise from the operation and maintenance of public water facilities or sanitation facilities, and is therefore void. We agree.

■ If a municipal ordinance which prohibits conduct of both local and statewide concern conflicts with a state statute dealing with the same subject, the ordinance is void. *City & County of Denver v. Howard,* 622 P.2d 568 (Colo.1981). A conflict arises when an ordinance prohibits that which a statute authorizes. *City & County of Denver v. Howard, supra.*

■ Tort claims against home-rule cities are matters of both local and statewide concern and the substantive right to bring suit against a city in tort, as conferred by the Governmental Immunity Act, cannot be limited by a law peculiar to the city. *Lipira v. Thornton,* 41 Colo.App. 401, 585 P.2d 932 (1978); *see Hardamon v. Municipal Court,* 178 Colo. 271, 497 P.2d 1000 (1972). To the extent that the requirements imposed by the city ordinance are more onerous than those imposed by the state statute, the latter controls. *State Compensation Insurance Fund v. City of*

*Colorado Springs,* 43 Colo.App. 112, 602 P.2d 881 (1979).

Here, the ordinance imposes a requirement, installation of backwater check valves, for the assertion of claims for damages resulting from the operation and maintenance of sewage lines and facilities which is more onerous than that imposed by § 24–10–106(1)(f), C.R.S.1973 (1982 Repl. Vol. 10). It conflicts with the statute in that it serves to prohibit actions in tort expressly authorized by the statute. Therefore, the statute controls, and Greeley Municipal Code § 16.28.070 is void.

The summary judgment in favor of defendants is reversed and the cause is remanded for trial on the merits.

STERNBERG and TURSI, JJ., concur.