**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Ann Rose TIDWELL, Defendant-Appellant.**

**No. 83CA1376.**

Colorado Court of Appeals, Div. I.

Decided Aug. 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Wittman & Farry, J. Gregory Walta, Edward T. Farry, Colorado Springs, for defendant-appellant.

STERNBERG, Judge.

The defendant, Ann Rose Tidwell, was convicted of second degree forgery. The only issue at trial was identity. A sales clerk who accepted the forged instrument, a check, identified the defendant as the individual who presented it. On appeal, the defendant contends that the trial court erred in not allowing a witness to testify as an expert concerning questioned document examination, and in its admission of evidence of similar transactions. We affirm.

We find no error in the trial court's refusal to allow the proffered witness to testify as an expert.

■ A trial court's determination of the sufficiency of the foundation evidence to establish the qualifications of a witness as an expert will not be overturned absent a clear abuse of discretion. *People v. District Court*, 647 P.2d 1206 (Colo.1982); *White v. People*, 175 Colo. 119, 486 P.2d 4 (1971). Here, there was no abuse of that discretion.

■ The evidence presented to the trial court was that the proposed expert, who was regularly employed as a court clerk, had knowledge of graphoanalysis, the study of a person's personality as revealed by his handwriting. The witness did testify that she had experience in questioned document examination, and was not solely involved in graphoanalysis. However, the witness could not provide an understandable explanation of her qualifications. She was not certified by the American Board of Document Examiners, her actual experience was not defined, and she had never before been qualified as an expert witness. Because of the witness' vague explanation of her experience and the lack of identifiable standards for membership in the organizations she belonged to, and especially because the defendant's offer of proof revealed that the testimony would merely be that the expert's examination of documents was inconclusive, the court was well within its discretion in determining that the proffered witness could not testify as an expert. *People v. District Court, supra. See* CRE 702.

The trial court also properly ruled that evidence of similar transactions was admissible under CRE 404(b) for the limited purpose of proving the identity of the forger.

■ The trial court held two *in camera* hearings after which it admitted testimony concerning other recent purchases of goods with checks stolen from the victim, and a handwriting expert's testimony that, to a reasonable degree of certainty, the same person wrote all the checks. Subsequently,

the trial court determined that under the circumstances of this case, the evidence was offered for a valid purpose, was relevant to a material issue in the case, *i.e.,* identity, and the probative value of the evidence outweighed the potential prejudice. The court therefore determined the evidence was admissible. *See People v. Casper,* 641 P.2d 274 (Colo.1982); *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979); *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). We perceive no error in this ruling.

Before admitting this testimony, the trial court properly instructed the jury as to the limited purpose for which the evidence was offered, *see Stull v. People, supra;* and the defendant expressly waived the cautionary instruction as to the expert's testimony. There is no indication in the record that the defendant requested, or that the trial court refused to give, another limiting instruction in the general charge to the jury. Nor was this issue raised in the motion for a new trial.

■ The failure to give the instruction *sua sponte* is not plain error. *People v. Gladney,* 194 Colo. 68, 570 P.2d 231 (1977), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 776, 54 L.Ed.2d 787 (1978); *People v. White,* 680 P.2d 1318 (Colo.App.1984).

The judgment is affirmed.

PIERCE and VAN CISE, JJ., concur.