**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Nancy WILLIAMS,**
**Defendant–Appellant.**

**No. 86CA0317.**

Colorado Court of Appeals,
Div. III.

April 28, 1988.

Rehearing Denied May 26, 1988.

Certiorari Granted (People) Sept. 6, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Nancy Williams, appeals from a judgment of conviction entered on a jury verdict finding her guilty of second degree murder. On appeal, she asserts that the trial court abused its discretion in refusing to accept a witness tendered as being expert in the field of firearms identification. We agree with this contention and, therefore, reverse the judgment and remand the cause for a new trial.

The significance of the expert testimony at issue is revealed by the circumstances of the homicide. The conviction was based on the killing of defendant's husband who had been shot in the head. He had been an avid gun collector and owned some sixteen rifles. One of these weapons was a rifle he had purchased for the defendant. When the body was found, it was noted that three rifles were missing from the residence, including the one the victim had bought for defendant. All three weapons were eventually recovered, having been discarded in different locations.

The evidence in the case was circumstantial; it was apparent that either the defendant or some intruder had shot and killed the deceased. There was a two-hour delay between the time the defendant admitted discovering the body and her report of it to the police, thus leading to the theory that the defendant had used that time to dispose of evidence, including the murder weapon.

A small red paint smear was found on the stock of the defendant's rifle. An expert from the Colorado Bureau of Investigation opined that the smear matched samples taken from the defendant's vehicle, based upon a microscopic comparison.

The same witness was qualified as an expert in ballistics and firearms identification. At a previous trial, he had testified that the bullet recovered from the scene was so badly damaged that it could not be identified. At this trial, however, he did give an opinion that the bullet had been fired by the defendant's rifle. He explained that he had physically altered and expanded the test bullet so as to be able to make this identification.

The defendant offered an expert in forensic chemistry who testified that analysis by atomic spectroscopy proved that the elemental composition of the paint sample was totally incompatible with that obtained from the defendant's car. The defendant then attempted to qualify that witness as an expert in the field of ballistics, but the trial court held he was not qualified to render an expert opinion in that field. The defendant made an offer of proof that the witness would have testified that no accurate scientific ballistic test was possible because of the degree of damage to the bullet.

The standards relating to expert testimony are contained in CRE 702:

"If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The determination whether a witness is qualified to render an expert opinion is committed to the discretion of the trial court, and will not be disturbed on review unless that discretion is abused. *Baird v. Power Rental Equipment, Inc.,* 191 Colo. 319, 552 P.2d 494 (1976); *see also People v. District Court,* 647 P.2d 1206 (Colo.1982). The trial court's determination is reviewable and will be reversed if it is concluded that the court abused its discretion. *Durkee v. Oliver,* 714 P.2d 1330 (Colo.App.1986).

The qualifications advanced by the defendant in seeking to have the witness accepted as an expert were as follows: He was an analytical chemist with approxi-

mately 20 years of experience in that field, including being an assistant professor at a university; he had received a bachelor of science in chemistry and did post-graduate work during which he received a grant to develop techniques for bullet and cartridge case comparison by means of electron-microscopy; he had conducted many ballistics examinations and had audited several classes in criminalistics, including one dealing specifically with firearms identification. It was further shown that the witness owned a private business involved in a variety of forensic testing, had conducted between 50 and 100 ballistics examinations, and had been qualified 10 times by courts, not in this state, as an expert. He testified as to familiarity with publications in the area of firearms identification, and that he was on a committee of technical experts of the National Rifle Association concerned with firearms and range safety involving firearms identification.

In attacking his qualifications, the People asserted that courses he had taken were in the early 1970's, that he had only audited one course, that his previous testimony as an expert witness had been conducted some years earlier, that he had not published his work in electronic optics scanning, and that his work had been neither supervised nor approved by others.

In refusing to allow the witness to testify as an expert, the court concluded that there was no objective way to determine if the witness was good at what he did, and that regardless of his experience and knowledge, he did not belong to any professional ballistics association and had not been tested or had his expertise confirmed or verified by other experts.

■ We hold that the trial court abused its discretion in not allowing the witness to testify as an expert. We conclude that, in refusing to recognize the witness as an expert, the court applied an overly narrow test of the witness' qualifications. *See Garrett v. Desa Industries, Inc.*, 705 F.2d 721 (4th Cir.1983); *Gardner v. General Motors Corp.*, 507 F.2d 525 (10th Cir.1974). It is not necessary for a witness to have certificates of training or memberships in professional organizations to qualify as an expert. *See Mannino v. International Manufacturing Co.*, 650 F.2d 846 (6th Cir.1981) and *Wood v. Rowland*, 41 Colo.App. 498, 592 P.2d 1332 (1978).

■ The areas in which the trial court found this witness to be deficient did not form a foundation to prevent him from testifying; rather, they would have served as a basis for cross-examination and argument. Relative skill or knowledge of an expert goes to the weight to be given his testimony, not admissibility. *Federal Crop Ins. Corp. v. Hester*, 765 F.2d 723 (8th Cir.1985).

■ An expert has been defined as:
"[O]ne who has superior knowledge of a subject and is, therefore, able to afford [the finder of fact] a special assistance, and his knowledge may have been acquired by professional, scientific, or technical training or by practical experience in some field of human activity, conferring on him an especial knowledge not shared by men in general."

*Stone v. People*, 157 Colo. 178, 401 P.2d 837 (1965). The question in determining whether to accept a witness as an expert and to allow him to give opinion testimony is "whether his knowledge of the subject matter is such that his opinion will most likely assist the trier of fact." *United States v. Barker*, 553 F.2d 1013 (6th Cir. 1977). The proffered testimony of the witness in this case concerning identification of the murder weapon would have assisted the jury.

*People v. Tidwell*, 706 P.2d 438 (Colo. App.1985), relied upon by the trial court, is distinguishable. There, the court properly refused to allow a court clerk to testify as an expert concerning an allegedly forged check. The clerk had knowledge of graphoanalysis, the study of a person's personality as revealed by his handwriting. She testified that she had some experience in questioned document analysis but, "could not provide an understandable explanation of her qualifications," and "her actual ex-

perience was undefined." That is not the case with the witness in this case.

We do not agree with the People that the error in excluding this testimony was harmless beyond a reasonable doubt. Identification of this rifle as the murder weapon was significant. It had been registered to the defendant, had been selected as being suitable in terms of power, weight, and recoil for a woman, and evidence was presented that she had practiced with it on a firing range. Identification of this rifle as the murder weapon would have the tendency to negate the defense theory that the victim was killed by an intruder.

Moreover, in the absence of this testimony, all that remained was the opinion of the Colorado Bureau of Investigation expert, that this was the murder weapon. That witness had been shown to vacillate in his testimony. Thus, had the defendant's expert been allowed to testify and had the jury accepted his evidence, an important link in the chain of circumstantial evidence might well have been neutralized.

Because of our disposition of this case, it is unnecessary to address the defendant's contentions that the trial court erred in denying her challenges for cause to prospective jurors.

The judgment is reversed and the cause is remanded for a new trial.

JONES, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

I disagree with the conclusion of the majority that the trial court abused its discretion in not allowing the witness offered by defendant to give his opinion as to whether the bullet which killed the victim had been fired from defendant's rifle.

The witness was qualified as an expert in forensic chemistry and was allowed to testify concerning the paint samples. However, the record shows that the experience he had in the field of ballistics was in bullet and cartridge case comparison, and there were no cartridge cases in evidence here or available to serve as a basis for comparison. There was no showing that he had any expertise in comparing the rifling marks that are made on a bullet as it proceeds through the barrel of a particular gun, which was the ballistics process involved in this case. Therefore, the court properly ruled that he was not qualified to testify as a ballistics expert.

Defendant's other contentions for reversal concerning denial of her challenges for cause as to two prospective jurors are without merit. Consequently, I would affirm the judgment of conviction.