HELEN BELLHEIMER, ADMINISTRATRIX, APPELLEE, V.
V. V. RERUCHA, APPELLANT.

FILED FEBRUARY 17, 1933. No. 28342.

*Finlayson, Burke & McKie* and *Sampson & Dillon,* for appellant.

*Kennedy, Holland & De Lacy, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and RAPER, District Judge.

DAY, J.

This was an action brought by the widow as administratrix of the estate of Francis Bellheimer to recover damages for his death, which she alleges was the result of malpractice by the defendant, Dr. Rerucha, an osteopathic physician. From a judgment on a verdict in favor of plaintiff, defendant appeals.

The defendant treated the deceased for hemorrhoids by what is known as the "infiltration method." The treatment began on the 26th day of February, 1930, and continued until the 15th day of March, 1930, at which time the deceased suffered hemorrhages of blood from the rectum which continued through the 16th and 17th, when the deceased began to weaken from loss of blood and fainted. The defendant was advised of the condition of the deceased, and on March 18, when the defendant did not come and treat the deceased, it was necessary to employ another physician. The deceased died from the effects of the loss of blood.

The plaintiff alleges that the death of deceased was caused by the negligence of the defendant. The negligence charged is that defendant did not employ methods usually and customarily used by osteopathic physicians and surgeons in the vicinity to treat such condition, and that he was negligent in failing to call and treat deceased when he was hemorrhaging and that he did not stop the bleeding. The defendant denied the allegations of plaintiff.

When the plaintiff filed her petition as administratrix, by some mistake, she had not been appointed. Not having been so appointed by the probate court, her capacity to sue is questioned. When this defect was mentioned by the defendant, the appointment was made, and thereafter an amended petition was filed. Whereupon the defendant filed a voluntary appearance and later filed an answer. At the time of trial the defendant challenged the right of the plaintiff to amend her petition by changing, as he contends, the party plaintiff. Under our practice, "The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceeding; but notice of such amendment shall be served · upon the defendant, or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition." Comp. St. 1929, sec. 20-849.

The plaintiff filed her amended petition before the defendant filed his answer. Our Code further provides: "The court may, either before or after judgment, in furtherance of justice * * * amend any pleading * * * by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect or by inserting other allegations material to the case." Comp. St. 1929, sec. 20-852.

In *Weekes Grain & Live Stock Co. v. Ware & Leland,* 99 Neb. 126, this court held: "A mistake in beginning an action in the name of a domestic corporation after its charter has been forfeited for nonpayment of an occupation fee may be corrected by an amended petition showing that the managing officers or directors, as trustees, are plaintiffs." See, also, *Omaha Furniture & Carpet Co. v. Meyer,* 80 Neb. 769.

However, at a time subsequent to plaintiff's appointment as administratrix, she filed an amended petition. At the time of the filing of the amended petition, the plaintiff could have filed a new cause of action. The record does not disclose that the statute of limitations had run or that any defense was lost, prejudicial to defendant. The defendant submitted himself to the jurisdiction of the court by filing a voluntary appearance. Under the Code, a new action could have been started by filing a petition, followed by the defendant filing voluntary appearance. As heretofore noted, the defendant not having been prejudiced, necessity does not require any further consideration of this question.

The prevailing modern tendency is not toward such inconsequential technical refinements. "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the first party; and no judgment shall be reversed or affected by reason of such error or defect." Comp. St. 1929, sec. 20-853.

The appellant presents the question as to the right of plaintiff to examine jurors on *voir dire* as to their con-

nection, if any, with the defendant's insurance carrier, or to cross-examine the defendant as to his indemnity insurance. In a recent case, *Nichols v. Owens Motor Co.*, 121 Neb. 105, the previous decisions of this court were reviewed. The discussion in that opinion is applicable here and need not be repeated. The only novelty in the presentation here is that the defendant's attorneys, before the trial judge at chambers prior to impaneling the jury, made a disclosure as to the identity of the insurance carrier and some facts concerning it. However, this did not so negative the possibility that certain jurors might be disqualified as to foreclose further examination of prospective jurors. And it did not deprive the plaintiff of cross-examination of witnesses as to credibility.

There is sufficient evidence to support the verdict of the jury. As is usual, in cases of this nature, involving technically scientific matters, there is a conflict in the evidence. The appellant presents an able argument supporting his conclusions drawn from the evidence. This same argument was no doubt properly made to the jury. But the jury resolved the question of fact as to negligence against the defendant. The testimony of lay witnesses as to physical facts, together with the opinions of medical experts who testified for plaintiff, fortified by cogent reasons that strengthen their opinions as experts, no doubt influenced the determination of the issue. *Flesch v. Phillips Petroleum Co.,* ante, p. 1. The opinions of these experts were in many respects supported by the testimony of experts called as witnesses by defendant. It is not within the province of this court to substitute its judgment for that of a jury upon a question of fact. "Where the evidence is in substantial conflict, but sufficient to sustain the finding of the jury, their verdict on the issue of fact is conclusive." *Exchange Nat. Bank v. Schultz,* 113 Neb. 346.

Testimony of surgeons of another school may be received against an osteopathic surgeon where the operation in question is recognized as the same in both schools.

The evidence, including the testimony of defendant himself, is that the treatment of this case would be the same in both schools. *Cook v. Moats,* 121 Neb. 769, a recent case, contains a comprehensive and careful statement and analysis of this proposition which is applicable to this case.

There are other assignments which are not discussed in the brief and were not argued orally before the court. Such errors are waived and will not be considered. *Hackney v. Raymond Bros. Clarke Co.,* 68 Neb. 624; *Hoch v. Schlattan,* 76 Neb. 522.

It, therefore, necessarily follows that the judgment of the trial court is affirmed.

AFFIRMED.