491 P.2d 606 (1971)
Martha CARO and Hermann Caro, Plaintiffs In Error,
v.
John F. BUMPUS, Defendant in Error.
No. 70-114.
Colorado Court of Appeals, Div. II.
October 13, 1971.
Rehearing Denied November 9, 1971.
Certiorari Denied January 3, 1972.
Johnson & Kidneigh, P. C., Roger F. Johnson, Denver, for plaintiffs in error.
Robert W. Hansen, Lynn W. Toedte, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This is a malpractice action brought by plaintiffs, Martha Caro, and her husband, *607 Hermann Caro, against defendant, John F. Bumpus, an osteopathic physician and surgeon. At the conclusion of all evidence presented at a jury trial of the action, the court directed a verdict in favor of the defendant. The plaintiffs, by this writ of error, seek to reverse the adverse judgment of the trial court.
On April 7, 1966, Martha Caro consulted an osteopath who diagnosed her as suffering from hemorrhoids and a fistulous tract. The doctor was an internist and did not do surgery. He referred the patient to the defendant who was engaged in the practice of rectal surgery. The defendant examined the patient and confirmed the diagnosis made by the referring physician. The patient was hospitalized, and on April 19, 1966, a surgical procedure described as a hemorrhoidectomy and fistulectomy was performed on the patient by the defendant. After her discharge from the hospital, the patient developed a stenosis caused by the development of scar tissue at the operative site. She returned to the defendant's office and was treated there on several occasions by the defendant. She remained under his care until some time in May of 1966 when she consulted a doctor of medicine. He referred her to another doctor of medicine who specialized in proctology. The proctologist hospitalized the patient and performed a plastic surgical procedure to relieve the stenosis.
Plaintiffs do not claim that defendant improperly diagnosed Martha Caro's condition. Their claim of malpractice is that the defendant negligently performed the surgery and that the stenosis Martha Caro developed postoperatively was the result of such negligence. In order for plaintiffs to establish their prima facie case of malpractice, it was incumbent upon them to prove by expert testimony that defendant by some act of omission or commission departed from the standard of care required of defendant as a physician. If no standard is established by the testimony of physicians, there is no standard for the determination of the ultimate question of the physician's negligence. See Brown v. Hughes, 94 Colo. 295, 30 P.2d 259; Norkett v. Martin, 63 Colo. 220, 165 P. 256; Smith v. Curran, 28 Colo.App. 358, 472 P. 2d 769; McGraw v. Kerr, 23 Colo.App. 163, 128 P. 870.
The standard of care and the degree of skill required of defendant is that customarily observed by practitioners of osteopathy and not the standards of practice or methods of practice of other schools devoted to the treatment of human ailments. For this reason, it is the general rule, and the rule recognized in Colorado, that a practitioner of one school of medicine is not competent to testify as an expert in a malpractice action against a practitioner of another school of medicine. Klimkiewicz v. Karnick, 150 Colo. 267, 372 P.2d 736. See Chesney v. People, 121 Colo. 73, 212 P.2d 1011; Bolles v. Kinton, 83 Colo. 147, 263 P. 26; McGraw v. Kerr, supra.
At the trial the plaintiffs were unable to establish by the testimony of an osteopath the standard of care required of the defendant in the performance of the surgical procedure. In accordance with the general rule, the trial court ruled that plaintiffs had failed to establish a prima facie case of malpractice and directed a verdict against plaintiffs.
Plaintiffs attempted to establish the standard by the testimony of two experts who were doctors of medicine. The trial court ruled that the witnesses were not competent to testify. Plaintiffs' principal contention of error is that the testimony of the doctors of medicine was admissible under an exception to the general rule which exception permits a physician of one school of medicine to testify in a malpractice action against a physician of another school where the method of treatment of the school of the defendant is the same as that of the witness.
Our Supreme Court has not had occasion to discuss or consider this exception. It appears from the cases collected in the annotation at 85 A.L.R.2d 1022 that the exception *608 is recognized in several jurisdictions. These courts require proof by competent evidence that the methods of treatment are the same for the defendant's school of medicine and the expert witness' school of medicine. This prerequisite foundation has been held established where the defendant himself admits that the treatment would be the same in both schools. See, e. g., Bellheimer v. Rerucha, 124 Neb. 399, 246 N.W. 867. In other cases, the foundation was established by a witness who was an expert in both schools of practice. See, e. g., Hart v. Van Zandt, 399 S.W.2d 791 (Tex.). In other cases, the foundation was established by the testimony of a practitioner of defendant's own school. See, e. g., Welch v. Shaver, 351 S.W.2d 588 (Tex.Civ.App.).
In the present case, the plaintiffs were unsuccessful in their attempt to obtain any admission from defendant on cross-examination that the methods of treatment of osteopaths and doctors of medicine who practice proctology are the same. The plaintiffs also called the osteopath who referred Martha Caro to the defendant, and he stated that he did not know whether the methods were the same. Plaintiffs also called as an expert a physician who had studied medicine both in schools of osteopathy and schools of medicine. The trial court, over objection of defendant, ruled that the witness could testify concerning the similarity of the methods of the two schools if he knew. When the question was propounded to the witness, he stated that he did not know whether the methods of the two schools were the same in the field of proctology.
Finally, plaintiffs called two doctors of medicine who were experts in the field of proctology. Plaintiffs offered to prove by these witnesses that the methods of treatment for plaintiff's condition are the same for both osteopaths and doctors of medicine. The court rejected this offer of proof. Although both doctors were eminently qualified as doctors of medicine, neither had any formal schooling as osteopaths, and neither had made any particular study of the subject. They were not competent witnesses on the question of whether the methods of practice for the two schools are the same, and they were not competent witnesses against the defendant.
In her complaint, Martha Caro also alleged that her consent to the surgery was not in fact an informed consent. She did not establish that the defendant failed to inform her of the nature of her ailment, the nature of the operation, and the substantial risks, if any, involved in undergoing the operation to the extent that a reasonable osteopathic practitioner would have done under the same or similar circumstances. The trial court properly directed a verdict against plaintiffs on this claim.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.