CHARLES TAORMINA et al., Respondents, v SANFORD S. GOODMAN, Appellant.—In a malpractice action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County, entered December 22, 1976, which is in favor of plaintiffs, upon a jury verdict. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted, with costs to abide the event. In the instant action to recover damages predicated upon the malpractice of a chiropractor, plaintiffs' proof at the trial did not include the testimony of any *chiropractic* experts, but rather *medical* doctors, whose knowledge of chiropractics was admittedly quite limited. The testimony of these doctors only served to establish defendant's deviation from a *medical* standard of care in his treatment of the plaintiff husband. Accordingly, there was no competent trial evidence upon which the jury could have predicated its finding (in accordance with the court's charge) that defendant had failed to exercise "that degree of care that a reasonably prudent chiropractor would exercise under the circumstances." Under present New York law, the practice of chiropractic is separate and distinct from the practice of medicine (see Education Law, art 132; *Vidra v Shoman,* 59 AD2d 714), so that a physician's standard of care can no longer be considered controlling upon a chiropractor in the practice of his profession (cf. *Brown v Shyne,* 242 NY 176). Of course, a physician's standard would apply where a chiropractor departs from the restrictions placed upon the practice of his profession (see Education Law, § 6551) and ventures into the practice of medicine. While the plaintiffs adduced some testimony of such a departure in this case, the negligence issue was never framed and submitted to the jury on that basis. In view of the foregoing, we believe that the verdict cannot be permitted to stand and that a new trial is warranted. Were we not reversing and ordering a new trial for the reason stated above, we would nevertheless be compelled to do so because of the number of highly prejudicial remarks made by plaintiffs' attorney during the course of his summation. For example, at one point counsel stated that one of defendant's experts was known in the community as "here comes Howie" and implied that he would offer any testimony which might be desired, for a price. He also accused the defendant and his attorney of having "perjured themselves" because of an apparent inconsistency between the defendant's pleadings and his testimony at the trial. Although some of these prejudicial remarks were ordered stricken by the Trial Judge, it is not unlikely that their inflammatory nature had some effect on the jury. We believe that, standing alone, the cumulative effect of these improper remarks would require a new trial (see *Bishin v New York Cent. R. R. Co.,* 20 AD2d 921). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.