588 P.2d 888 (1978)
William L. BLANKENSHIP and Juanita Blankenship, Plaintiffs-Appellants,
v.
IOWA NATIONAL MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 78-255.
Colorado Court of Appeals, Division III.
October 19, 1978.
Rehearing Denied November 2, 1978.
Certiorari Denied January 8, 1979.
*889 Agee, Ewing & Goldstein, Peter A. Goldstein, Colorado Springs, for appellants.
Rector, Retherford & Mullen, Anthony A. Johnson, Colorado Springs, for appellee.
VanCISE, Judge.
Plaintiffs claim that the trial court erred in permitting an orthopedic surgeon to testify that the chiropractic treatments being received by them were not "reasonable and necessary." They appeal the judgment of the trial court which found and concluded that their "no fault" insurance carrier, defendant Iowa National Insurance Company (the insurer), was not liable for payment of plaintiffs' expenses for their chiropractic treatments. We affirm.
The plaintiffs were injured in an automobile accident. They held a policy with the insurer which complied with the requirements of § 10-4-706(1)(b), C.R.S.1973, that they be compensated "without regard to fault, up to a limit of twenty-five thousand dollars per person . . . for payment of all reasonable and necessary expenses for. . . chiropractic . . . services. . . performed within three years after the accident . . . ."
It was not disputed that both plaintiffs suffered from degenerative arthritis. After being treated by an orthopedic surgeon and an osteopathic surgeon, they began treatment with Dr. Collinson, a chiropractor. After paying for those treatments for several months, the insurer terminated its payments even though plaintiffs desired that the treatments continue. The decision to discontinue payment was based on two examinations made by Dr. Waldron, an orthopedic surgeon, and his reports to the insurer that the treatments were not necessary.
At the trial, the primary issue was whether the expenses for the chiropractic treatments were "reasonable and necessary" and therefore of a type which the insurer was required to pay. The plaintiffs and Dr. Collinson testified as to the nature of the treatment given and the benefits being derived therefrom.
Without objection, Dr. Waldron was qualified as an expert in the field of orthopedic surgery. Over a continuing objection, he testified that at the two examinations he conducted of the plaintiffs, they told him of the specific nature of the physical manipulations performed on them by Dr. Collinson. He was also in the courtroom and heard Dr. Collinson's testimony concerning the treatment *890 administered by him. Based on this information, Dr. Waldron stated that the plaintiffs suffered from degenerative arthritis and that in his opinion the specific acts performed by Dr. Collinson were neither necessary nor beneficial for the plaintiffs' ailments.
In response to a special interrogatory as to whether Dr. Collinson's chiropractic charges for the plaintiffs were reasonable and necessary, the jury answered in the negative. Based thereon, the court entered judgment for the insurer.
Plaintiffs contend that the court erred in permitting Dr. Waldron, a medical doctor not qualified in the field of chiropractic, to testify that chiropractic treatments were not reasonable or necessary for these plaintiffs. In support of that contention, they cite cases such as Klimkiewicz v. Karnick, 150 Colo. 267, 372 P.2d 736 (1962), Spears Free Clinic & Hospital v. Maier, 128 Colo. 263, 261 P.2d 489 (1953), and Caro v. Bumpus, 30 Colo.App. 144, 491 P.2d 606 (1971), which hold that in malpractice actions a practitioner of one school of medicine is, in general, not competent to testify as an expert against a practitioner of another school of medicine.
However, the issue in this case was not whether, based on the standard of care and degree of skill customarily observed by practitioners of chiropractic, Dr. Collinson was guilty of malpractice or had been negligent in the treatment administered. Rather, the issue was whether the chiropractic services furnished were "reasonable and necessary," and therefore had to be paid for by the insurer. This was a fact question to be resolved by the jury. Any evidence which aided the jury in deciding that question was proper. The plaintiffs' contention goes only to the witness' credibility.
As stated in Spears Free Clinic & Hospital v. Maier, supra, where the issue was whether the chiropractic hospital had been guilty of "criminal negligence":
"A doctor of medicine is not ipso facto an incompetent witness as to any fact simply because the case involves compliance with the standards of chiropractic . . . . The question involved is not that of the competency of the witness, but that of the competency of the evidence sought to be introduced through him."
As an expert in orthopedic surgery, Dr. Waldron was competent to testify and his testimony was properly admitted as to the effect of specific acts performed upon these plaintiffs in view of their degenerative arthritis condition.
The jury and the court having found, upon competent testimony, that the expenses for the chiropractic service were not reasonable and necessary to the recovery of the patient, we are bound by that finding on appeal. Vigil v. Pine, 176 Colo. 384, 490 P.2d 934 (1971).
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.