*517 OPINION OF THE COURT
Arthur W. Lonschein, J.
In this medical malpractice action, the plaintiff contends that his injuries were caused by the malpractice of two physicians and a podiatrist. Called as a witness for the plaintiff to substantiate his contentions was his expert, a physician specializing in general surgery. When asked a hypothetical question relating to the standard of care of podiatrists and any deviation therefrom, counsel for the podiatrist objected on the ground that a physician cannot qualify as an expert in podiatric care and thus any opinion that he may render with respect to the podiatrist and his care of the plaintiff is inadmissible.
Counsel for the plaintiff argues that podiatry is a branch of medicine and, while conceding that a general surgeon is not a specialist in podiatry, argues that such a witness should be permitted to answer the question and that while the answer should be admissible, the lack of specialization in podiatry should go only to the weight to be given to the answer rather than to its admissibility. He contends that his position is buttressed in Fuller v Preis (35 NY2d 425), Kletnieks v Brookhaven Mem. Assn. (53 AD2d 169) and Harris v Smith (372 F2d 806), which hold that a physician licensed to practice medicine may be qualified as an expert in any branch of medicine despite the fact that he is not a specialist in that branch and the fact that he was not a specialist should only be to the weight of his testimony and not to its admissibility.
The situation of the case at bar, however, is not analogous. Podiatry is not a branch of medicine nor has it ever been held to be such by the courts or by the Legislature. Indeed, the Court of Appeals in People v Dr. Scholls Foot Comfort Shops (277 NY 151) has made the distinction between podiatry and medicine. That case has held that while dentistry is a branch of medicine, podiatry is not and pointed out in making the distinction that, among other things, there is no confidential relationship between podiatrist and patient as there is between a patient and his physician or a dentist. (See CPLR 4504.) The definition of podiatry is found in section 7001 of the Education Law. The statute does not contain any reference that podiatry is a branch of medicine. Podiatry is a form of health care analogous to the practice of chiropractic (Education Law, § 6550) and Optometry (Education Law, § 7101).
A similar question was posed in Taormina v Goodman (63 *518 AD2d 1018), where the testimony of physicians was used to establish a deviation from the standard of care by a chiropractor wherein the court specifically held that chiropractic is separate and distinct from the practice of medicine. Since the court would not permit testimony by physicians on matters of chiropractic care in that case, I cannot permit a physician to testify as to standards of podiatric care in this case.
The objection is sustained.