■ JOHN M. KEANE et al., Appellants, v SLOAN-KETTERING INSTITUTE FOR CANCER RESEARCH et al., Respondents. — In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Dickenson, J.), entered June 17, 1981, which, after a jury trial, was in favor of defendants. Judgment reversed, on the law and the facts, with costs, and new trial granted on all issues. This action arises out of alleged acts of negligence in the performance of surgery upon plaintiff John Keane on February 25, 1952, while he was a patient at defendant hospital. Mr. Keane was admitted to defendant Memorial Hospital on February 21, 1952 after having been diagnosed by a Florida doctor as having a peptic ulcer in which there was an attendant risk of malignancy. After examination by doctors in the employ of defendant hospital, a provisional diagnosis was reached that Mr. Keane had cancer of the stomach and a benign rectal polyp. On February 25, 1952, he underwent surgery which consisted of a total gastrectomy, omentactomy and spleenectomy, i.e., surgical removal of the stomach, omentun, spleen and tail of the pancreas. A pathology of the ulcer performed after the operation disclosed that it was benign. Plaintiffs' complaint sought recovery on behalf of

Mr. Keane upon the theories of negligence, medical malpractice and lack of informed consent and asserted derivative causes of action upon those theories on behalf of Irene Keane. The action was not commenced until on or about February 13, 1976. Mr. Keane had been treated continually by defendant hospital from the date of his admission until April 17, 1974. At the close of plaintiffs' case at the trial, the Trial Judge dismissed those causes of action enumerated in plaintiffs' complaint which alleged malpractice and negligence on the ground that no expert testimony was offered to establish that the treatment in dispute constituted a deviation from acceptable medical practice as the community standard was established in 1952. The case proceeded and was submitted to the jury solely on the issue of lack of informed consent. A verdict of no cause of action was returned in favor of the defendants. This appeal raises questions as to whether the trial court erred in limiting the testimony of plaintiffs' expert and whether the verdict finding no cause of action for lack of informed consent is contrary to the weight of the evidence. We conclude that a new trial is necessary. It is fundamental that unless the alleged act of malpractice falls within the competence of a lay jury to evaluate, it is incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a prima facie case of malpractice (see, e.g., *Koehler v Schwartz,* 48 NY2d 807, 808; *530 East 89 Corp. v Unger,* 43 NY2d 776, 777; *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24). At the trial, plaintiffs called as their expert witness, Dr. Schoen, a board certified gastroenterologist. Plaintiffs' counsel, after eliciting responses from Dr. Schoen regarding his education and training, proceeded to question him as to the diagnosis and treatment of Mr. Keane based upon the medical records of defendant hospital admitted in evidence. Plaintiffs' counsel sought to further question him as to the diagnostic techniques available in the field of gastroenterology in 1952. The following colloquy ensued: "Do you know if cytology was available in 1952 as a diagnostic tool? Mr. Hayes [defendants' counsel]: Objection, how could he know? The Court: Let him answer whether he knows if it was available in 1952? When were you admitted to practice medicine? The Witness: 1971 The Court: When did you graduate from medical School? The Witness: 1970 Q. Could you tell us whether you have any knowledge as to the existence of cytology in 1952 as a diagnostic tool? Mr. Hayes: Obviously there is no foundation for that question. The Court: I'll sustain the objection Q. Do you have an opinion as to whether cytology was available in 1952? Mr. Hayes: Objection. The Court: Yes, sustained." The trial court, by sustaining objections to all such questions, prevented plaintiffs from eliciting the requisite expert testimony to establish that defendant hospital's employees deviated from proper and approved medical practice. The trial court erred in curtailing the testimony of plaintiffs' expert and in so doing deprived plaintiffs of the opportunity of establishing their claim of malpractice (see *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, *supra*). Furthermore, there was insufficient evidence to sustain the finding of the jury that Mr. Keane gave an informed consent to undergo the surgery which is the subject of the instant dispute. Upon his admittance to defendant hospital, Mr. Keane signed a standard consent form given him by the admitting clerk. No description of the proposed operation appeared on the form. Nor was there any evidence that anyone had informed Mr. Keane orally as to the possibility of his type of operation being performed, as to the scope of the operation or as to its potential consequences. Mr. Keane was under the impression that only a biopsy was going to be performed. He did not learn the nature of the operation until eight months after it was performed, when he was hospitalized for a second time. Accordingly, the verdict is not supported by the evidence and a new trial is required. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.