Dorothy J. CONNELLY,
Plaintiff-Appellant,

v.

Allan B. KORTZ, M.D.,
Defendant-Appellee.

No. 83CA1011.

Colorado Court of Appeals,
Div. III.

Sept. 6, 1984.

Fish & Kogovsek, D. Bruce Coles, Denver, for plaintiff-appellant.

Johnson, Mahoney & Scott, P.C., Brian J. Lampert, Karen B. Best, Denver, for defendant-appellee.

BABCOCK, Judge.

In this medical malpractice action, plaintiff, Dorothy J. Connelly, appeals from a judgment entered on a verdict for defendant, Allan B. Kortz, M.D. We affirm.

Connelly alleged that the negligent diagnosis of her gastrointestinal disorder by Kortz led to her having to undergo unnecessary surgery. To establish the negligence of Kortz, a surgeon, Connelly offered Robert D. McCartney, M.D., a physician of internal medicine, as an expert in internal medicine and in the standards of practice applicable to general surgeons in the Denver metropolitan area for indicating the need for surgery. The trial court, in restricting his testimony to internal medicine, ruled that he could testify to the proper indications for surgery of an internist but not those of a surgeon.

Connelly contends that the trial court erred in refusing to allow McCartney to testify to the standards of practice of general surgeons in the Denver metropolitan area. We disagree.

■ The plaintiff in a medical malpractice case must prove that the defendant-specialist failed to meet the standard of care required of physicians in the defendant's specialty. *Greene v. Thomas*, 662 P.2d 491 (Colo.App.1982). To qualify a witness as an expert on that standard of care, the party offering the witness must establish the witness' knowledge of and familiarity with the standard of care governing defendant's specialty. *Greene v. Thomas, supra.* Although the witness need not be of the same specialty as the defendant, and may have acquired his expertise through training, education, or experience, CRE 702; *see also 3 C. Kramer, Medical Malpractice* § 29.02 (1983), he must demonstrate more than a "casual familiarity" with the standards of practice of the defendant's specialty. *Greene v. Thomas, supra.*

■ Although McCartney claimed to have acquired a knowledge of and familiarity with the indications for surgery of Denver area surgeons through associating with surgeons, attending meetings, and reading literature, he could identify only two meetings of relevance and could not recall any specific substantive discussions with surgeons. He also expressly denied having any expertise in surgery or having studied the standards of practice of surgeons in the Denver metropolitan area. Accordingly, we cannot say that the trial court abused its discretion in refusing to allow McCartney to testify to the standards of practice of surgeons in the Denver metropolitan area. *Greene v. Thomas, supra; Martin v. Bralliar*, 36 Colo.App. 254, 540 P.2d 1118 (1975).

McCartney also testified that the standards of practice indicating a need for surgery are the same for all specialists. Thus, Connelly contends, McCartney should have been allowed to testify as to such standards followed by surgeons because they are the same for surgeons as they are for internists. Again, we disagree.

■ Although a specialist in one area may testify to the standards of practice governing specialists in another area where it can be "established that the standards or procedures adhered to in defendant's different speciality are the same as that with which the witness is familiar," *C. Kramer, supra,* at § 29.02[1], the proponent must demonstrate by competent evidence that the standards of care in the two fields are in fact similar. *Gaston v. Hunter,* 121 Ariz. 33, 588 P.2d 326 (Ariz.App.1978).

■ McCartney, having failed to establish more than a casual familiarity with the standards of practice of surgeons, was not competent to testify that the procedures for surgeons were the same as the procedures for internists. *Gaston v. Hunter, supra; see Caro v. Bumpus,* 30 Colo.App. 144, 491 P.2d 606 (1971). Further, the testimony of John E. DeLauro, M.D., a surgical physician called by the defendant, was to the effect that the standards of practice concerning the need for surgery followed by surgeons differ from the standards of practice followed by internists. Thus, the trial court did not abuse its discretion in restricting McCartney's testimony to the standards of practice of internists. *Gaston v. Hunter, supra.*

■ Connelly also contends that the trial court erred in refusing to strike the testimony of DeLauro concerning the "excellent reputation" of Kortz which was accidentally elicited on cross-examination. However, at trial and again in her motion for new trial, Connelly requested that the trial court strike the expert opinion of DeLauro concerning Kortz' standard of care as improperly based on inadmissible hearsay, but made no request that his specific reference to reputation be stricken. Conse-

quently, since the issue was not properly raised before the trial court, we will not consider it on appeal. *Matthews v. Tri-County Water Conservancy District,* 200 Colo. 202, 613 P.2d 889 (1980).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.