Daniel R. **DURKEE**, Plaintiff-Appellant,

v.

Richard A. **OLIVER**, D.P.M., Defendant-Appellee.

No. 83CA1313.

Colorado Court of Appeals, Div. III.

Jan. 2, 1986.

 

"[A]lthough he may be an expert *now* after acquired information ... [w]e believe that his level of experience, familiarity with the standard of practice *in August of 1981* at Denver, Colorado is so limited as a matter of law that it should be excluded." (emphasis added)

Also, Edelman's qualifications as of the date of trial were extensive. He was: (1) Board certified as a Diplomate of the American Board of Podiatric Surgery; (2) on the staff of three Denver area hospitals; (3) chief of surgery and director of Podiatry education and residency training at Highland Hospital, a podiatric surgical hospital; (4) chairman of the surgical evaluation committee at Highland Hospital; and (5) author of a number of articles on podiatry. Further, Edelman had performed 500–700 operations as a podiatrist, and had performed ingrown toenail surgery on approximately 200 occasions. Thus, he was sufficiently experienced on the date of trial to qualify as an expert in the field of podiatric surgery and post-operative care.

The only rational interpretation of the trial court's ruling is that the trial court considered Edelman's experience only as of August 1981. At that time he had been in practice in Colorado for a little over a month following his completion of medical school in Pennsylvania and a two year residency in Illinois.

Plaintiff asserts that it was error for the trial court to evaluate Edelman by his experience alone, and that the trial court abused its discretion in not considering Edelman's qualifications as of the date of trial. We agree.

█ CRE 702 does not limit the qualifications of an expert to experience alone. A witness may also be qualified as an expert by knowledge, skill, training, or education. *Garrett v. Desa Industries, Inc.,* 705 F.2d 721 (4th Cir.1983).

█ Although Edelman was new to Colorado in August 1981, he had recently completed a two year residency in Illinois which, by his undisputed testimony, consisted of a "large exposure to podiatric

Frye and Sawaya, P.C., Richard B. Rose, Denver, Donald C. Deagle, Fort Collins, for plaintiff-appellant.

Dale S. Carpenter, III, P.C., Dale S. Carpenter, III, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Daniel P. Durkee, appeals the judgment entered on a directed verdict for defendant, Richard A. Oliver, in a medical malpractice suit. Plaintiff alleges that the trial court abused its discretion in refusing to qualify Ronald Edelman (Edelman) as an expert witness. We agree and reverse.

Trial of plaintiff's tort action for medical malpractice against defendant commenced August 15, 1983. Plaintiff alleged that defendant had been negligent in rendering post-operative care following surgical excision of bilateral ingrown toenails during August 1981. Plaintiff called Edelman as his sole expert witness for the stated purpose of testifying that defendant's treatment fell below the standard of care of podiatrists in the Denver area in 1981. Following voir dire examination of Edelman the trial court stated:

"[T]here's a certain amount of experience that this court feels that an expert ... must have.... The court does not feel that Dr. Edelman has that necessary experience and, therefore, the court will not recognize him as an expert."

Although the record does not reflect the reason why the trial court found that Edelman did not have the "necessary experience," it is apparent that the court considered Edelman's experience only as of August 1981. This is so because, following voir dire examination, defendant's sole objection to Edelman's qualification as an expert was that:

surgery, clinical exposure, office type of care, podiatric medicine, rotations through general surgery, internal medicine, radiology, and various subspecialties of both podiatric medicine and general medicine." Also, he testified that he was familiar with the standard of care for podiatrists practicing in and about the Denver area in August 1981, and this testimony was uncontradicted at trial. Therefore, even though his experience in Colorado may have been limited at the time of the alleged malpractice, his knowledge, training, and education were not. Thus, the trial court erred when it failed to consider these other factors. *Garrett v. Desa Industries, Inc., supra.*

Furthermore, CRE 702 does not limit an expert's qualifications to those existent on the date of the alleged malpractice. Rather, the witness must have acquired, through experience or study, more than a casual familiarity with the standards of care of the defendant's specialty in the same or similar area at the time in question. *Greene v. Thomas,* 662 P.2d 491 (Colo.App.1982); *Martin v. Bralliar,* 36 Colo.App. 254, 540 P.2d 1118 (1975).

█ The extent of Edelman's knowledge of community standards, whether acquired during his short period of practice in this state during July 1981 or learned at a later time, would affect the weight rather than the admissibility of his testimony. *See Wood v. Rowland,* 41 Colo.App. 498, 592 P.2d 1332 (1978). Thus, the expert's familiarity with the community standards should be measured as of the time of trial rather than as of the date of the alleged malpractice. *See Keane v. Sloan-Kettering Institute for Cancer Research,* 96 A.D.2d 505, 464 N.Y.S.2d 548 (1983); *Grindstaff v. Coleman,* 681 F.2d 740 (11th Cir.1982).

█ Here, Edelman's qualifications on the date of trial were extensive, and his testimony that he was familiar with the standards of care in the Denver area on the date in question was uncontradicted. Therefore, the trial court abused its discretion in not qualifying Edelman as an expert witness in the field of podiatric surgery on the date of trial. *See Keane v. Sloan*

*Kettering Institute for Cancer Research, supra; Grindstaff v. Coleman, supra.*

Defendant argues, however, that Edelman was unqualified to give an opinion because, although both defendant and Edelman were doctors of podiatric medicine, defendant's subspecialty was in office surgery while Edelman's subspecialty was in hospital surgery. This argument is without merit.

Where a witness possesses more than a casual familiarity with the standard of care applicable to the specialty of the defendant, his testimony is admissible. *See Connelly v. Kortz,* 689 P.2d 728 (Colo.App.1984); *Greene v. Thomas, supra.*

Here, the difference, if any, between the subspecialties of Edelman and defendant was minimal. Both were doctors of podiatry and both were podiatric surgeons. Further, Edelman testified that, during his residency in Illinois, he had a "large exposure" to office type of care, and defendant did not produce any evidence to suggest that Edelman was unqualified in defendant's particular subspecialty. Under these circumstances, we hold that plaintiff has sustained his burden of establishing the witness' knowledge of, and familiarity with, the standard of care governing defendant's alleged specialty. *See Connelly v. Kortz, supra.*

The judgment is reversed and the cause is remanded for new trial.

TURSI and METZGER, JJ., concur.