**Betty SANCHEZ, Plaintiff–Appellant,**

v.

**Jerome LAUFFENBURGER, D.D.S.,
Defendant–Appellee.**

No. 87CA1949.

Colorado Court of Appeals,
Div. III.

Nov. 16, 1989.

Kathleen M. Cronan and Harry A. King, Jr., Denver, for plaintiff-appellant.

Higgins and Goodhue, Stephen R. Higgins, Greenwood Village, for defendant-appellee.

Opinion by Judge STERNBERG.

In this dental malpractice action, the plaintiff, Betty Sanchez, appeals the judgment entered on a directed verdict in favor

of the defendant. The directed verdict occurred after the testimony of plaintiff's witness on the standard of care issue was ordered stricken by the trial court. We reverse.

The complaint alleged that the defendant dentist did not meet the standard of care of dentists both in extracting her tooth and, when post-extraction problems arose, in not referring her to a specialist. At trial, plaintiff presented without objection the testimony of a witness who was both a dentist and an oral surgeon on the issue of standard of care. The trial court accepted the witness as an expert in the fields of general dentistry and oral surgery. In direct examination, the witness testified that, in his opinion, the care given by the defendant fell below the applicable standard of care for a general dentist. Following cross-examination and redirect examination, the trial court excused the jury, and cross-examined the expert further.

On the basis of its own cross-examination, the trial court concluded that the witness was not qualified to testify as to the standard of care of general dentists. Thereupon, the defendant moved to strike the expert's testimony. The motion was granted, and as plaintiff had no other expert to establish the standard of care, the trial court granted a motion for directed verdict in favor of the dentist. *See Smith v. Curran*, 28 Colo.App. 358, 472 P.2d 769 (1970).

The plaintiff contends, and we agree, that the trial court abused its discretion in ruling that the plaintiff's expert witness was not competent to testify as to the standard of care of dentists. Thus, it follows that the court erred in striking the expert's testimony and in directing a verdict for the dentist.

Generally, the question whether a witness is competent to give opinion evidence is addressed to the discretion of the trial court, subject to reversal only upon a finding of an abuse of such discretion. *Wood v. Rowland*, 41 Colo.App. 498, 592 P.2d 1332 (1978). Also, the proponent of an expert on the standard of care of a profession must establish the witness'

knowledge and familiarity with the standard of care governing the defendant's specialty. *Connelly v. Kortz*, 689 P.2d 728 (Colo.App.1984). However, a specialist in one area may testify to the standards of practice governing specialists in other areas when the standards of care in both specialties are similar. CRE 702. And, if a witness possesses more than a casual familiarity with the standard of care applicable to the specialty of the defendant, the testimony is admissible. *Durkee v. Oliver*, 714 P.2d 1330 (Colo.1986).

It was apparent from the expert's direct testimony that he was qualified to testify on the standard of care applicable to general dentists. In addition to being an oral surgeon, he was a graduate of a dental school and was licensed as a dentist in Colorado. He had participated in a three-year residency in oral and maxillofacial surgery and had been in private practice for ten years specializing in that area. He testified that he received referrals from general dentists and saw the types of dental cases referred by general dentists to oral surgeons.

The expert testified on direct examination that the standard for the surgical extraction of a tooth by a general dentist or an oral surgeon was the same. He testified further that the plaintiff should have been advised of the potential nerve problems in her face at the time the tooth was removed and that failure to do so violated the standard of care for a dentist. Similarly, he testified that, "within a reasonable degree of medical dental probability," the dentist should have referred her to a specialist when complications became apparent and that the failure so to do fell below the standard of care for general dentists at that time. On cross-examination by the dentist's attorney, he stated that he "would assume if a general dentist is doing surgical procedures they would follow the same guidelines that the oral surgeons follow."

However, before the witness was excused, the trial court cross-examined him rigorously out of the presence of the jury. After responding to a question from the court about the need to have referred the

plaintiff to someone who could handle her post-extraction problems, the following colloquy took place:

"Q: (THE COURT): Okay. You are saying that in the shoes of an oral surgeon. How about the moccasins of a dentist?

"A: I believe that a dentist should be aware enough that if there's this type of problem a patient needs to have someone else help him out.

"Q: (THE COURT): That's your belief. But do you feel that within the standard of care—well do you know what the standard of care for a dentist is in 1985? Overall the standard of care for dentists, not oral surgeons.

"A: No I can't attest to the overall standard of care for general dentists."

The plaintiff's attorney was allowed to question the witness again, and, in response to a question, the witness stated that the procedures involved with the plaintiff were in the realm of dentistry and within the realm of oral surgery and that "if a general dentist is going to do surgical procedures it should be at the same level that a specialist does them." The court then ordered the witness' previous testimony before the jury to be stricken.

■ A trial court has the prerogative and sometimes the duty to question witnesses called by a party. CRE 614(b); *People v. Ray*, 640 P.2d 262 (Colo.App.1981). The test to be applied as to the propriety of a court interrogating a witness is whether the questioning so departed from the required impartiality as to deny a fair trial. *People v. Ray, supra.*

We hold that the trial court here abused its discretion in striking the expert's testimony. If the only testimony before the court had been that elicited during its own cross-examination of the expert, it might have been appropriate for the court to have stricken the testimony; but, even then, the issue would have been a close one. However, in light of the totality of the witness' testimony, we are persuaded that it should not have been stricken because the trial court's questioning had the effect of denying the plaintiff an opportunity for an impartial trial.

Once a witness is qualified as an expert, the fact that further examination reveals that he cannot support his opinion with certainty goes only to the weight given the opinion, and not to its admissibility. *See Marlow v. Atchison, Topeka & Santa Fe Ry. Co.*, 671 P.2d 438 (Colo.App.1983).

We deem it significant that, at the time of the expert's testimony before the jury, neither defendant nor the court had any objection to his qualification as an expert witness. *See Spears Free Clinic & Hospital For Poor Children v. Maier*, 128 Colo. 263, 261 P.2d 489 (1953).

Taken as a whole, the expert's testimony showed that he was familiar with the field of dentistry. His knowledge was sufficient to allow him to testify as an expert in order to assist the jury in understanding the evidence and in determining a fact in issue. *See* CRE 702. In our view, therefore, the answers elicited by the trial court should not have led to disqualification of the expert. Instead, the disinclination of the witness to testify to an "overall" standard of care for general dentists would go to the weight to be accorded the testimony rather than to its admissibility. *See Evans v. Ohanesian*, 39 Cal.App.3d 121, 112 Cal. Rptr. 236 (1974). *See also Durkee v. Oliver, supra;*

The judgment is reversed and the cause is remanded for trial.

CRISWELL and MARQUEZ, JJ., concur.