(October 18, 1993)

■ LEO ARIOLA, Appellant, v RUTH S. LONG, Respondent. [602 NYS2d 666] —In a medical malpractice action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Garry, J.), entered August 17, 1992, as, upon a jury verdict in favor of the defendant on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted, with costs to abide the event.

The trial court improvidently exercised its discretion when it precluded the plaintiff's expert from testifying as to the standard of care applicable to the treatment of age related macular degeneration by laser photo-coagulation, including the informed consent to be obtained from a patient before such treatment is administered. The plaintiff's expert, an ophthalmologist, testified that he was familiar with the standard of care utilized in laser surgery although he himself had never performed the procedure. Under those circumstances the court should have allowed the testimony (see, Kwasny v Feinberg, 157 AD2d 396, 400; Keane v Sloane-Kettering Inst. for Cancer Research, 96 AD2d 505). The expert's lack of personal experience in performing laser photo-coagulation was a factor to be evaluated by the jury and went to the weight to be given his testimony, and not its admissibility (see, Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410; Kwasny v Feinberg, supra). By curtailing this expert's testimony the trial court prevented the plaintiff from eliciting the expert testimony necessary to establish a prima facie case that the defendant had deviated from the standard practice and that the defendant failed to secure the plaintiff's informed consent (see, Keane v Sloane-Kettering Inst. for Cancer Research, supra).

In light of our determination, we need not address the plaintiff's other contentions. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.