■ DIANE DARONCO, as Conservator of JOSEPH DARONCO, Respondent, v WHITE PLAINS HOSPITAL CENTER et al., Defendants, and JOSEPH DANTO et al., Appellants. [627 NYS2d 359] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about May 12, 1994, which denied defendants', Joseph Danto and Metropolitan Audiology, cross motion for summary judgment, and order of the same court and Justice, entered on or about November 16, 1994, which denied said defendants' motion to, *inter alia,* renew, unanimously affirmed, with one bill of costs.

In this medical malpractice action to recover damages for injuries during a surgical procedure performed to remove an acoustic brain tumor, it is alleged that during surgery, air entered the "central line" (a device inserted into the vein to administer fluids and obtain information about pressures in the venous circulation) resulting in air embolization to the cranium with subsequent brain damage. Plaintiff alleges that Mr. DaRonco's injury could have been lessened by earlier

diagnosis and treatment if Dr. Danto, the owner of the corporate defendant, and an audiologist with a Ph.D., had not failed to properly monitor, record and report to the surgeons the response to Mr. DaRonco's nerves after each physiologic alteration.

The IAS Court properly determined that an issue of fact existed since there were conflicting medical expert affidavits as to whether there was adequate monitoring, and the defendants' expert effectively conceded that Danto's monitoring could have demonstrated changes in the nerve measurements in response to air emboli.

The court properly rejected defendants' argument that plaintiff's expert, a thoracic surgeon, is incompetent as an expert in a case involving an audiologist, a non-physician, since their practices are separate and distinct, relying on *Taormina v Goodman* (63 AD2d 1018). Unlike the case at bar, which involves a summary judgment motion where there is no opportunity to fully explore the scope of the physician's expertise, the ruling in *Taormina* was made at trial after the expert's qualifications were fully explored and his knowledge on the particular issue found to be admittedly limited and inadequate. Moreover, in this case, where Danto was working at the "invitation" of the surgeon, the surgeon's reliance on Danto's monitoring of plaintiff's nerves was an interconnected relationship, the importance of which should be left to the trier of fact.

Defendants' motion to renew was also properly denied because defendants were put on "notice" of the claims in plaintiff's bill of particulars, even though it was served after they filed their cross motion, since defendants did not submit their reply papers until two months thereafter, wherein Danto's experts expressly stated that they had reviewed this material in formulating their opinions. Moreover, a party cannot seek to make "successive motions for summary judgment in the guise of motions to renew". (*Rose v La Joux*, 93 AD2d 817, 818.) Concur—Ellerin, J. P., Ross, Nardelli, Tom and Mazzarelli, JJ.