[908 NYS2d 851]

Chiro Care Chiropractic Associates, as Assignee of Yvette Valentin, Plaintiff, v GEICO General Insurance Company, Defendant.

District Court of Nassau County, Second District, September 24, 2010

**APPEARANCES OF COUNSEL**

*Law Offices of Robert E. Dash*, Syosset, for plaintiff. *Law Offices of Teresa M. Spina*, Woodbury, for defendant.

**OPINION OF THE COURT**

MICHAEL A. CIAFFA, J.

At the trial of this no-fault case, involving electrodiagnostic testing, defendant presented expert testimony from Dr. Nicholas Berbari in support of its lack of medical necessity defense. Dr. Berbari is board certified in internal medicine. While his qualifications in that field are not contested, plaintiff contended at trial that Dr. Berbari was not competent to challenge the necessity of the electrodiagnostic tests prescribed by claimant's treating chiropractor.

Memoranda addressing plaintiff's contention have been submitted for the court's consideration. For the reasons set forth below, the court overrules plaintiff's objection to Dr. Berbari's competence. The testimony adduced by defendant at trial, read in the context of other evidence, includes adequate proof of Dr. Berbari's familiarity with the generally applicable standards for prescribing and performing electrodiagnostic testing. Accordingly, plaintiff's challenge to Dr. Berbari's expertise goes only to the weight of his testimony, and not to its admissibility.

The court begins its analysis by noting that defendant does not have to call a chiropractor as its expert witness in order to controvert the necessity of electrodiagnostic tests ordered by Andrew D. Pincus, D.C., in the course of providing chiropractic services and treatments to claimant after an auto accident. Although expert proof is needed to overcome the presumption of medical necessity and to satisfy defendant's burden by a preponderance of evidence, the defendant ordinarily may meet that burden by submitting proof from a medical expert establishing that the services in question were not necessary when viewed in the context of generally accepted medical practices. (*See Nir v Allstate Ins. Co.*, 7 Misc 3d 544, 546-547 [Civ Ct, Kings County 2005].)

It is well settled that a physician called to testify at a trial "need not be a specialist in a particular field in order to be considered a medical expert." (*Gordon v Tishman Constr. Corp.*, 264 AD2d 499, 502 [2d Dept 1999], quoting *Julien v Physician's Hosp.*, 231 AD2d 678 [2d Dept 1996], quoting *Humphrey v Jewish Hosp. & Med. Ctr. of Brooklyn*, 172 AD2d 494 [2d Dept 1991].) While the practice of chiropractic has been deemed "separate and distinct from the practice of medicine" (*see Taormina v Goodman*, 63 AD2d 1018 [2d Dept 1978]), chiropractors and medical doctors both share the ability to make informed judg-

ments regarding the need for electrodiagnostic tests. Moreover, defendant's expert in this matter, Dr. Berbari, established to the court's satisfaction that he possesses, through training and experience, sufficient knowledge and expertise to render an opinion respecting the relevant standards for prescribing and performing electrodiagnostic testing. Consequently, the court sees no basis for concluding, as a matter of law, that his opinion is incompetent simply because the subject tests were ordered by a chiropractor.

In reaching this conclusion, the court recognizes that other courts, in other contexts, have rejected evidence from medical doctors in matters involving issues of chiropractic malpractice (*e.g. Taormina v Goodman, supra*), or the necessity of MRIs ordered by a chiropractor (*e.g. Elmont Open MRI & Diagnostic Radiology, P.C. v State Farm Ins. Co.*, 26 Misc 3d 1211[A], 2010 NY Slip Op 50053[U] [Nassau Dist Ct, 2010]). But both lines of cases leave open, for judicial consideration, expert medical proof that competently addresses the issue at hand. In *Taormina*, the plaintiff presented "no competent . . . evidence" that the defendant failed to exercise the degree of care that "a reasonably prudent chiropractor" would exercise under the circumstances. (63 AD2d at 1018.) In *Elmont Open MRI*, the court noted the absence of proof from defendant's expert respecting "the generally accepted reasons why a chiropractor would order . . . a cervical or lumbar MRI" (2010 NY Slip Op 50053[U], *4).

The instant case, in contrast, involves standards of care which are arguably identical for chiropractic practitioners and doctors of internal medicine. Both evaluate patients showing symptoms of radiculopathy in the course of their practices. Dr. Berbari's testimony sets forth his understanding of the generally accepted standards for prescribing and conducting electrodiagnostic testing upon patients who exhibit symptoms of radiculopathy. From defendant's perspective, the opinions expressed by Dr. Berbari are not dependent upon knowledge of chiropractics, per se, but rather reflect generally accepted standards which extend to any professional's involvement in electrodiagnostic testing. Absent proof on rebuttal from plaintiff contesting the latter point, the court is not prepared to assume that Dr. Berbari's opinion is incompetent and irrelevant to the issues at hand.

To the extent plaintiff maintains that defendant's expert lacks familiarity with applicable chiropractic standards for prescribing electrodiagnostic tests, the court concludes that any alleged lack of familiarity with chiropractic standards goes only "to the

weight of the testimony, not its admissibility." (*See Bodensiek v Schwartz*, 292 AD2d 411 [2d Dept 2002]; *see also Walsh v Brown*, 72 AD3d 806 [2d Dept 2010]; *Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2d Dept 2005]; *Erbstein v Savasatit*, 274 AD2d 445 [2d Dept 2000].)

Decisions from other state courts are in accord with this approach. In *Blankenship v Iowa Nat. Mut. Ins. Co.* (41 Colo App 430, 432, 588 P2d 888, 890 [1978]), for example, the court reiterated that a doctor of medicine "is not ipso facto an incompetent witness" simply because the case involved a chiropractor's actions. The issue in that case, like the issue here, was whether the chiropractor's charges "were reasonable and necessary" (41 Colo App at 431, 588 P2d at 890). The defendant opposed the chiropractor's claim for payment by presenting proof from an orthopedist that the chiropractor's treatments were "neither necessary nor beneficial." (*Id.*) Rejecting plaintiff's claim on appeal that the orthopedist was "not competent to testify as an expert against a [chiropractic] practitioner," the court held:

> "[T]he issue in this case was not whether, based on the standard of care and degree of skill customarily observed by practitioners of chiropractic, Dr. Collinson was guilty of malpractice or had been negligent in the treatment administered. Rather, the issue was whether the chiropractic services furnished were 'reasonable and necessary' . . . Any evidence which aided the jury in deciding that question was proper. The plaintiffs' contention goes only to the witness' credibility." (41 Colo App at 432, 588 P2d at 890.)

Accordingly, plaintiff's motion to preclude consideration of Dr. Berbari's testimony is denied. The parties are directed to proceed with presenting other necessary proof on the next scheduled trial date, September 30, 2010. All other issues, including the persuasive weight of defendant's expert proof, are reserved for later determination.