■ WILLIAM HEINES et al., Appellants, v BARBARA MINKOWITZ, Respondent. [953 NYS2d 257]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Richmond County (Giacobbe, J.), entered December 22, 2010, as, upon, among other things, a jury trial, is in favor of the defendant and against them dismissing so much of the complaint as alleged a cause of action to recover damages for medical malpractice.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the cause of action to recover damages for medical malpractice.

The defendant Barbara Minkowitz performed orthopedic surgery upon the then-infant-plaintiff William Heines, after which Heines allegedly developed a loss of sensation in his right leg and toes. Heines and his mother, Annette Nash, subsequently commenced this action to recover damages for medical malpractice and lack of informed consent. At the trial of the action, during direct examination of the plaintiffs' expert, the court sustained defense counsel's objections to most of the questions aimed at establishing a departure from the standard of care, as well as some questions addressing the issue of causation. At the close of the evidence, the Supreme Court stated that apart from evidence adduced on the cause of action alleging lack of informed consent, "[a]ll the other [alleged] deviations that the plaintiff requests [to have charged] are totally unsupported by the record," and did not submit the medical malpractice cause of action to the jury. The only cause of action submitted to the jury was the cause of action alleging lack of informed consent, and the jury rendered a verdict in favor of the defendant on that cause of action. The plaintiffs appeal from so much of the judgment as dismissed so much of the complaint as alleged a cause of action to recover damages for medical malpractice.

The Supreme Court improperly prevented the plaintiffs' counsel from eliciting testimony from the plaintiffs' expert necessary to establish a prima facie case of medical malpractice. Contrary to the defendant's contentions, the questions posed by the plaintiffs' counsel to which the Supreme Court sustained objections, and about which the plaintiffs complain on appeal, were not leading questions because they did not suggest the answer that the plaintiffs' counsel wished the expert to give (*see* Jerome Prince, Richardson on Evidence § 6-223 [Farrell 2008]; *People v Mather*, 4 Wend 229, 247 [1830]; 2-2 Bender's New York Evidence § 2.04). Rather, the questions were merely "calculated to draw the mind of the witness to the subject of inquiry" (*People v Mather*, 4 Wend at 247). Further, contrary to the defendant's contention, the complained-of questions to which objections were sustained did not assume facts not in evidence. Rather, the questions were based either upon facts testified to by the defendant herself or upon opinions previously expressed by the expert. The jury was entitled to accept or reject both the underlying facts and the underlying opinions upon which an answer to these questions would have been based (*see*

*Nelson v Schwartz,* 90 AD3d 626 [2011]; *Zapata v Dagostino,* 265 AD2d 324, 325 [1999]; *see also* PJI 1:90). Additionally, contrary to the Supreme Court's determination, a question addressed to the defendant's absence from the hospital for a period of time after the surgery did not raise an "inappropriate" "topic," inasmuch as this alleged conduct on the part of the defendant was one of the focal points of the plaintiffs' case, as revealed in the bill of particulars and expert disclosure pursuant to CPLR 3101 (d).

"By curtailing [the plaintiffs'] expert's testimony the trial court prevented the plaintiff[s] from eliciting the expert testimony necessary to establish a prima facie case that the defendant had deviated from the standard practice" (*Ariola v Long,* 197 AD2d 605, 605 [1993]; *see Keane v Sloan-Kettering Inst. for Cancer Research,* 96 AD2d 505, 506 [1983]). Accordingly, a new trial is warranted on the cause of action to recover damages for medical malpractice. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.