■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EKEYTHIA DUNSTON, Appellant. [25 NYS3d 176]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered July 11, 2012, convicting defendant, after a jury trial, of assault in the first degree, and sentencing her to a term of seven years, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient

evidence. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence disproved defendant's justification defense beyond a reasonable doubt. By the time defendant shot the victim, any threat that the victim might use deadly force had clearly abated (*see e.g. People v Boyd*, 222 AD2d 314 [1st Dept 1995], *lv denied* 87 NY2d 970 [1996]). Notwithstanding the testimony of defendant's expert psychiatrist to the effect that defendant's history as a victim of domestic abuse caused her to believe she faced such a threat, any such belief "was not objectively reasonable" (*People v Bonilla*, 57 AD3d 400, 400 [1st Dept 2008], *lv denied* 12 NY3d 814 [2009]).

The court properly exercised its discretion in allowing the prosecutor to address leading questions to the victim for permissible purposes such as to direct her attention to specific topics (*see Heines v Minkowitz*, 100 AD3d 597, 598 [2d Dept 2012]; *see also People v Arhin*, 203 AD2d 62, 62 [1st Dept 1994], *lv denied* 83 NY2d 908 [1994]). By failing to object, or by expressly agreeing to particular rulings by the court, defendant failed to preserve his claims regarding the People's questioning of their other eyewitness, the admission of photographic evidence, and the *Sandoval* ruling and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. In any event, we find that any error regarding any of the evidentiary rulings was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, insofar as the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.