People v Maldonado (2021 NY Slip Op 50903(U))

[*1]

People v Maldonado (Roberto)

2021 NY Slip Op 50903(U) [73 Misc 3d 128(A)]

Decided on September 28, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 28, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570656/17

The People of the State of New York,
Respondent,
against
Roberto Maldonado,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Curtis Farber, J.), rendered September 27, 2017, after a jury trial, convicting him
of reckless driving, and imposing sentence.

Per Curiam.
Judgment of conviction (Curtis Farber, J.), rendered September 27, 2017, affirmed.
The verdict convicting defendant of reckless driving (see Vehicle and Traffic Law
§ 1212) was supported by legally sufficient evidence and was not against the weight of the
evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to
disturb the jury's credibility determinations. The credited police testimony established that
defendant drove his vehicle around a car that was properly stopped at a traffic light, went up onto
the curb of the sidewalk and proceeded through the red light. When the officers activated their
lights and siren, and pursued him, defendant sped up, proceeded through a second red light and
then swerved and jumped the right lane curb onto the sidewalk to avoid hitting two sanitation
workers and their truck.
By failing to object and by agreeing to the court's ruling, defendant failed to preserve his
contention that he was deprived of due process when the court modified its earlier pretrial ruling
to permit evidence that defendant smelled of alcohol and was unsteady on his feet (see People v Dunston, 136 AD3d
529 [2016]). We decline to exercise our interest of justice jurisdiction to review this
unpreserved claim. As an alternative holding, we find that the court properly modified its earlier
ruling. Defendant's voluntary use of alcohol is a proper factor to consider in a reckless driving
analysis (see People v Goldblatt, 98
AD3d 817, 819 [2012], lv denied 20 NY3d 932 [2012]), and the relevance and
probative value of the evidence became apparent after defense counsel opened the door by
indicating that defendant would testify that he consumed alcohol (see People v Massie, 2
NY3d 179, 183-185 [2004]). In any event, any error in the receipt of this evidence was harmless
in view of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230,
241-242 [1975]). 
Defendant's challenges to the prosecutor's summation are unpreserved because defendant
failed to object, only made general objections, or failed to request further relief after the court
sustained his objections (see People v
Romero, 7 NY3d 911, 912 [2006]), and we decline to review these claims in the interest
of justice. As an alternative holding, we find no basis for reversal (see People v Overlee,
236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro,
184 AD2d 114, 118—120 [1992], lv denied 81 NY2d 884 [1993]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 28, 2021